## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK ROTHSCHILD, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>GENERAL MOTORS LLC,<br><br>    Defendant. | Case No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Mark Rothschild, on behalf of himself and all others similarly situated, by and through his undersigned counsel, brings this action against General Motors LLC. For his Complaint, Plaintiff alleges the following based on personal knowledge as to his own acts and on the investigation conducted by counsel as to all other allegations:

### SUMMARY OF THE ACTION

1.      Plaintiff brings common law warranty claims and claims under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*. and N.Y. Gen. Bus. Law § 349, *et seq*., against Defendant General Motors LLC ("GM").

2.      This action arises from the sale or lease of thousands of 2016 – 2018 Chevy Malibu vehicles throughout New York and the United States manufactured by Defendant GM that are equipped with a defective electronic throttle control and/or accelerator pedal position sensor that cause the vehicles to abruptly lose power, often at interstate highway speeds. The defect manifests with a significant and abrupt reduction of power accompanied by an "Engine Power is Reduced"

warning on the dashboard ("**the Engine Power Reduced defect**" or "**the defect**") as indicated below:



3.    The defect affects model year 2016 through 2018 Chevrolet Malibu vehicles sold or leased to consumers in the United States, including Plaintiff's vehicle (the "**Class Vehicles**"). All Class Vehicles share the same dangerously defective condition that GM failed to disclose to Plaintiff, consumers, and each Class Member.

4.    In the Class Vehicles, acceleration in the powertrain is controlled by electronic throttle control which includes an accelerator pedal position sensor. Unlike traditional throttle control systems, which rely on mechanical linkages, the Class Vehicles' use electronic sensors and electromechanical actuators and human-machine interfaces such as pedal feel emulators to control vehicle functions.

5.    Electronic throttle control ("ETC") is an automobile technology that controls the powertrain of a vehicle. ETC electronically "connects" the accelerator pedal to the throttle, replacing a mechanical linkage such as a throttle cable running to a carburetor. A typical ETC system consists of three major components: (i) an accelerator pedal position sensor, (ii) a throttle

valve that can be opened and closed by an electric motor (sometimes referred to as an electric or electronic throttle body ("ETB")), and (iii) a powertrain or engine control module ("PCM" or "ECM"). The ECM is a type of electronic control unit ("ECU"), which is an embedded system that employs software to determine the required throttle position by calculations from data measured by other sensors, including the accelerator pedal position sensors, engine speed sensor, vehicle speed sensor, and cruise control switches.

6.     Plaintiff and Class Members purchased GM vehicles fitted with defective electronic throttle control and/or accelerator pedal position sensors that cause them to abruptly lose power at high speeds.  This is a major safety concern because drivers have reported that the defect can cause a loss of control or a rear end accident from vehicles following behind them.

7.     GM sold, leased, and continues to sell and lease the Class Vehicles despite its awareness of the defect. GM chose and continues to choose financial gain at the expense of consumers by concealing and omitting a disclosure of this critical powertrain component and potential safety hazard to consumers who purchase or lease Class Vehicles.

8.     Despite its knowledge, GM has failed to recall the inherently dangerous electronic throttle control and/or accelerator pedal position sensors or reimburse vehicle owners for the inevitable failure of this critical part.

9.     Plaintiff and Class Members have suffered harm because of GM's decision not to disclose the defect by overpaying for their vehicles and by paying significant sums for GM to attempt, and fail, to properly diagnose and repair their vehicles that exhibit the Engine Power Reduced defect. Plaintiff and Class Members have also expended time in attempting to have the Engine Power Reduced defect repaired.

10.    GM has long known of the defect and that the Class Vehicles' electronic throttle control and/or accelerator pedal position sensors are not fit for their intended purpose, as detailed at length in the factual background section below.

11.    GM actively concealed and/or failed to notify the public of the existence and nature of the defect and of the safety hazard created by the defect. GM has not recalled the vehicles to replace the electronic throttle control and/or accelerator pedal position sensors; it has not offered to replace the electronic throttle control and/or accelerator pedal position sensors to its customers free of charge; and it has not offered to reimburse owners, present or past, who have incurred costs relating to diagnosing and repairing issues arising from the Engine Power Reduced defect. GM's conduct violates well-established consumer protection laws in New York and constitutes a continuous breach of its warranties to Plaintiff and consumers in the United States.

12.    Plaintiff brings this action on behalf of himself and all those similarly situated ("Class," "Class Members," "Consumers," "Owners") for GM's breach of its warranties across the United States and GM's deceptive trade practices in violation of the consumer protection laws of New York.

13.    On behalf of the Class Members he seeks to represent, Plaintiff seeks an award of damages in excess of $5,000,000, including the costs of inspecting and replacing the defective electronic throttle control and/or accelerator pedal position sensors and equitable relief, including an order requiring GM to adequately disclose and repair the defect. Furthermore, Plaintiff seeks damages, injunctive and declaratory relief, restitution, disgorgement of profits, attorneys' fees and costs, punitive damages, and the repair of, replacement of, or refund of money paid to own or lease all Class Vehicles in New York.

## PARTIES

14.     Plaintiff Mark Rothschild is a citizen and resident of Brooklyn, New York.

15.     Defendant General Motors LLC is a Delaware limited liability company with its principal place of business at 300 Renaissance Center, Detroit, Michigan 48243. Defendant designs, manufactures and sells automobiles throughout the United States, including in the State of New York, under the brand names Chevrolet, GMC, and Cadillac. GM does business in New York, advertising, distributing, and selling its vehicles through its dealer network and other outlets in the State.

## JURISDICTION AND VENUE

16.     This action is properly before this Court and this Court has subject matter jurisdiction over this action under the Class Action Fairness Act. At least one member of the proposed class is a citizen of a different state from GM, the number of proposed Class Members exceeds 100, and the amount in controversy exceeds the sum or value of $5,000,000.00 exclusive of interests and costs.  28 U.S.C. § 1332(d)(2)(A).

17.     This Court has general and specific jurisdiction over the Defendant because Defendant GM has sufficient minimum contacts with New York and within the Eastern District of New York to establish Defendant's presence in New York, and certain material acts upon which this suit is based occurred within the Eastern District of New York. GM does substantial business in the State of New York and within this Judicial District, is registered to and is doing business within the State of New York, and otherwise maintains requisite minimum contacts with the State of New York. Specifically, GM distributed Plaintiff's Class Vehicle in New York, and the vehicle has remained in New York and been registered in New York since its original sale at a franchised GM dealership in New York.

18.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendant is

subject to personal jurisdiction within the Eastern District of New York and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district, including: Plaintiff experienced the defect in New York, and Plaintiff's Engine Power Reduced defect was diagnosed by a GM franchised dealership in Prince George's County. Furthermore, the Plaintiff's Class Vehicle is in Prince George's County, and Plaintiff resides in Prince George's County. Additionally, GM distributes Class Vehicles in this District, receives substantial compensation and profits from the sale and lease of Class Vehicles in this District, and has and continues to conceal and make material omissions in this District.

## FACTUAL BACKGROUND AND SUBSTANTIVE ALLEGATIONS

19.    GM manufactures, markets, distributes, and warrants automobiles in the United States sold under various brand names, including the Chevrolet brand. This lawsuit concerns model year 2016 through 2018 Chevy Malibu vehicles sold or leased to consumers in the United States, including Plaintiff's vehicle (the "**Class Vehicles**").

## THE DEFECT

20.    GM, through its dealerships, employees, agents, and servants, failed to disclose to Class Members and the public that the Class Vehicles contain defective electronic throttle controls and/or accelerator pedal position sensors that renders the vehicles not fit for their intended purpose. This omission allowed Defendant GM to place the Class Vehicles in commerce and profit from their sales. However, GM knew from the time of manufacture that the electronic throttle control and/or accelerator pedal position sensors contained a dangerous, inherent defect from the point of manufacture that caused the Class Vehicles to exhibit the "Engine Power Reduced" defect.

21.    GM's notice of the defect derived from, among other things, GM's own knowledge about the material, design, and manufacture of the part, feedback, both directly and through its

dealers, from its customers during repairs, complaints in the National Highway Transportation Safety Administration ("NHTSA") database, online complaints in web forums and social media that are monitored by GM, and news reports.

**A.    GM knew the defect through multiple consumer complaints.**

22.    One forum titled "Accelerator Pedal Sensor" on the website https://chevroletforum.com has dozens of complaints from GM consumers about the defect. *See* https://www.chevymalibuforum.com/forums/121-problems-service-issues-troubleshooting-generation-9/112217-accelerator-pedal-sensor.html (last accessed May 20, 2019).

23.    Another forum titled "Engine power reduced" on the "Car Gurus" website similarly has dozens of the complaints from GM consumers about the defect. *See* https://www.cargurus.com/Cars/Discussion-t32067_ds788840 (last accessed May 20, 2019).

**B.    GM knew of the defect through NHTSA VOQs.**

24.    GM, through its dealerships, agents, servants, and employees, was also put on actual and/or constructive notice of the Engine Power Reduced defect from GM's internal customer assistance inquiry records and National Highway and Traffic Safety Administration Office of Defects Investigation (NHTSA-ODI) reports pre-dating the sale of the vehicles. The NHTSA-ODI website allows consumers to identify and report problems with vehicles, tires, equipment or car seats. *See* https://www.nhtsa.gov/recalls (last accessed March 30, 2019) ("What happens to my complaint? Your complaint fuels our work. … Your complaint will be added to a public NHTSA database …. If the agency receives similar reports from a number of people about the same product, this could indicate that a safety-related defect may exist that would warrant the opening of an investigation.").

25.     The Office of Defects Investigation reviews and analyzes complaints to determine whether to issue recalls.  The Vehicle Safety Complaint filing form specifically includes required fields for the name, telephone number, and email address for the complainant, and the VIN number for the vehicle (which are apparently tested by an online database). *See* https://www-odi.nhtsa.dot.gov/VehicleComplaint/ (last accessed March 30, 2019).  NHTSA-ODI does not share complainants' personal information with the general public, and a complaint is added to a public NHTSA database only after it removes all information from complaint fields that identify a complainant.  *See* https://www.nhtsa.gov/recalls (last accessed March 30, 2019).

26.     NHTSA-ODI specifically states on its website that:

Government analysts review each complaint in a timely fashion. If warranted, the Office of Defects Investigation (ODI) will open an investigation to determine if a safety defect trend exists. Some of these investigations result in safety recalls.

While you may or may not be contacted by a NHTSA-ODI investigator to clarify the information submitted, all reports are reviewed and analyzed for potential defects trends.

Thus, NHTSA-ODI complaints are made by individuals who must identify themselves and enter detailed contact information and an accurate VIN number, and these complaints are reviewed and analyzed by the federal government.

27.     NHTSA-ODI reports scores of complaints consistent with the symptoms of the Engine Power Reduced defect in Class Vehicles and multiple similar complaints for similar 2013 – 2015 Malibu vehicles. These consumer complaints filed with the NHTSA are delivered to GM, reviewed by GM, and analyzed by GM's engineers. GM received and was aware of these consumer complaints. True and accurate copies of a sampling of these complaints are set forth in the paragraphs below.  Combined, the reports illustrate the safety risks from the defect and that replacement parts were unavailable or backordered for consumers seeking repairs:

- TL* THE CONTACT OWNS A 2013 CHEVROLET MALIBU. WHILE DRIVING AT 70 MPH, THE REDUCED ENGINE POWER WARNING LIGHT ILLUMINATED AND THE VEHICLE STALLED AND CRASHED INTO A CURB. THE AIR BAGS DID NOT DEPLOY AND A POLICE REPORT WAS NOT FILED. NO INJURIES WERE SUSTAINED. THE VEHICLE WAS TOWED TO THE DEALER, BUT WAS NOT DIAGNOSED. THE CONTACT MENTIONED THAT THE DEALER CLEANED THE BATTERY TERMINALS, BUT THE FAILURE RECURRED WITH THE REDUCED ENGINE POWER AND ABS LIGHT ILLUMINATING. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE APPROXIMATE FAILURE MILEAGE WAS 57,000.

- WHILE DRIVING MY 2013 CHEVY MALIBU ON THE HIGHWAY & TURNPIKE, I WAS DRIVING APPROX 60-70 MILES AND HOUR AND THEN OUT OF NOWHERE THE VEHICLE DECREASED SPEED DOWN TO 30 MPH AND ALSO HAD ME CAUSE AN ACCIDENT WITH THE DRIVERS BEHIND ME. THE CHECK ENGINE LIGHT THEN CAME ON AND A MESSAGE "ENGINE POWER HAS BEEN REDUCED". I WAS ABLE TO PULL THE CAR OVER; HOWEVER, THIS IS A DANGER AND SHOULD BE RESOLVED AS STILL THIS CONTINUES TO OCCUR SINCE I HAVE CONTACTED GENERAL MOTORS AND ADVISED OF THE SAFETY ISSUE. STILL HAVE NOT SEEN A RECALL ON THIS ISSUE YET WHICH I WAS SHOCKED. I ASKED THE GENTLEMAN IF THERE HAVE BEEN OTHER COMPLAINTS AND HE STATED YES. SO I AM VERY SHOCKED THAT THIS ISSUE HAS NOT BEEN RESOLVED. MY VEHICLE NOW IS OUT OF WARRANTY AND STILL MECHANICS DO NOT KNOW WHAT IS WRONG AND CAN NOT FIX THIS ISSUE. I DO NOT FEEL THAT I HAVE TO PAY FOR PARTS THAT THIS VEHICLE DOES NOT WHILE THEY TRY TO PINPOINT THE PROBLEM. LITERALLY THE MECHANIC AT DAY CHEVROLET DURING THE DIAGNOSTIC JUST SAID TO LETS START SOMEWHERE AND SEE IF THAT RESOLVES THE ISSUE. I DON'T BELIEVE I SHOULD HAVE TO PAY FOR PARTS THAT MAY OR MAY NOT RESOLVE THE ISSUE. SINCE THEN I NOW HAVE MORE LIGHTS POPPING UP REGARDING TRACTION STABILITY, PARKING BREAK (WHICH WAS REPLACED AND DID NOT FIX THE ISSUE) TRACK CONTROL, ETC HAVE COME UP AND SEEMS TO HAVE DISABLED MY ANTI-LOCK BRAKES. COULD SOMEONE PLEAS CONTACT ME IF THERE IS A SOLUTION FOR THIS IF SOMEONE IS AWARE OF WHAT PART OR PARTS WILL FIX THIS DEFECT.

- 2/3/2018, OUTSIDE TEMPERATURE WAS15DEGREES FAHRENHEIT . TRAVELING AT 65 MPH THEN SUDDENLY VEHICLE SLOWED AND A WARNING APPEARED ON THE DASH, "ENGINE POWER REDUCED" AND TWO WARNING LIGHTS, TRACTION AND ENGINE LIGHT. AS I PROCEEDED TO MY DESTINATION AN ENGINE OVER SPEED WARNING CAME ON SLOWING THE VEHICLE. VEHICLES IN THE REAR

STARTED PASSING MY VEHICLE SINCE I COULD NOT MAINTAIN THE SPEED LIMIT. THIS INCIDENT WAS A BIT SCARY. TWO CODES WERE RETRIEVED VIA ON BOARD DIAGNOSTICS, P228D AND P0089. CODES WERE CLEARED AND THINGS SO FAR ARE OK. MILEAGE ON THE VEHICLE IS 48,683.

- I STARTED MY CAR AND DROVE ABOUT 1/4 OF A MILE AND A WARNING LIGHT CAME UP ON MY CAR STATING ENGINE POWER REDUCED. PULLED OVER PUT CAR IN PARK TURNED CAR OFF THEN ON THEN DRIVE. CAR DID FINE FOR ABOUT A MILE. THEN CAR SHOWED REDUCED ENGINE POWER AGAIN AND THEN COMPLETELY SHUT OFF IN MIDDLE OF ROAD AND WOULD NOT START BACK. WAS IN MIDDLE OF CURVE GOING UP HILL. CAR WOULD NOT EVEN ROLL WHEN PLACED IN NEUTRAL SO THAT I COULD GET IT OUT OF ROAD.

- STARTED CAR AND REDUCED POWER ENGINE WARNING CAME ON FOR THE SECOND TIME. I HAD IT FIXED ONCE ALREADY AND IT JUST CAME ON. I AM VERY DISAPPOINTED WITH CHEVY. I WAS DRIVING IT THE FIRST TIME MY LIGHT CAME ON. THE SECOND TIME I JUST STARTED MY CAR. I WAS ON A CITY STREET FIRST TIME AND CITY STREET SECOND TIME. BOTH TIMES MY CAR WOULDN'T ACCELERATE PASSED 12 MILES PER HOUR SO I WAS A ROLL HAZARD.

* * *

- "CAR DRIVES FINE FOR A WHILE THE MESSAGE POPS UP "ENGINE POWER REDUCED" CAR WILL NOT GO OVER 25MPH AND IS VERY DANGEROUS"

- "MY 2017 MALIBU HAD A LOSS OF ENGINE POWER, IT HAPPENED WHILE ON VACATION. WHILE IN TRAFFIC ON A DARK CURVY ROAD, THERE WAS A SUDDEN LOSS OF POWER, THE CAR WOULD NOT ACCELERATE AND THE ENGINE LIGHT WAS ON AS WELL AS A MESSAGE INDICATING LOSS OF ENGINE POWER. I PULLED OVER AND RESTARTED THE VEHICLE, IT DID NOT GAIN FULL ENGINE POWER BACK. I WAS ABLE TO SLOWLY MAKE IT TO MY DESTINATION. THE NEXT MORNING (KIDS IN TOW) THE ENGINE LIGHT WAS STILL ON, AND THE VEHICLE STILL SEEMED SLUGGISH. WHILE DRIVING HOME (OR TO A DEALERSHIP IF POSSIBLE) THE CAR AGAIN LOST POWER AND I HAD TO PULL OVER AS TO NOT OBSTRUCT TRAFFIC.  UPON GETTING THE VEHICLE SERVICED, THEY CLAIM THE MATTER WAS RESOLVED I AM NOT CONFIDENT,"

- "ENGINE POWER IS REDUCED MESSAGE POPPED UP WITH CHECK ENGINE LIGHT WHILE DRIVING CAR DOWN THE ROAD.  CAR

ACCELERATION DID NOT WORK THERE WAS NO POWER AND WOULD NOT GO PAST 20 MPH.  PULLED INTO TRAFFIC AND WAS ALMOST RAN OVER BY ANOTHER VEHICLE DUE TO THIS PROBLEM OF SUDDEN LOSS OF POWER.  WENT FROM WORKING PROPERLY TO BEING ABLE TO PUSH ACCELERATOR TO THE FLOOR WITH NO RESPONSE CARE WOULDN'T WORK.  TOOK IMMEDIATELY TO DEALER AND SERVICE DEPARTMENT SAYS THEY CAN REPRODUCE THE PROBLEM ALL THEY DID WAS CHANGE THE OIL.  I TOOK A PHOTO WHEN I PULLED UP TO CHEVY SERVICE DEPT AT PETERS CHEVROLET IN LONGVIEW TEXAS SO WHY CAN'T THEY REPRODUCE THE PROBLEM OR WHY DIDN'T THEY HOOK IT UP AND CHECK IT INSTEAD OF OIL CHANGE FIRST?  NOT HAPPY WITH THIS SAFETY HAZARD I'M NOW DRIVING MY CHILDREN IN."

- "WHILE DRIVING VARIOUS SPEEDS, THE "ENGINE POWER REDUCED" MESSAGE SUDDENLY DISPLAYED AND THE VEHICLE'S SPEED REDUCED AND WOULD NOT ACCELERATE."

- "WHILE DRIVING APPROXIMATELY 50 MPH, THE "ENGINE POWER REDUCED" MESSAGE APPEARED AND THE VEHICLE LOST ACCELERATION. THE CONTACT COASTED THE VEHICLE TO THE SHOULDER."

- "WHILE DRIVING VARIOUS SPEEDS, THE VEHICLE WOULD SUDDENLY DECELERATE AND THE "ENGINE POWER REDUCED" MESSAGE DISPLAYED."

- "WHILE DRIVING APPROXIMATELY 65 MPH, THE "REDUCE SPEED" WARNING INDICATOR ILLUMINATED AND THE VEHICLE'S SPEED WAS REDUCED TO 40 MPH. SIMULTANEOUSLY, A BELL CHIMED AND THE CHECK ENGINE INDICATOR ILLUMINATED. THE CONTACT STATED THAT THE VEHICLE WOULD NOT ACCELERATE BEYOND 40 MPH. IN ADDITION, THE CONTACT STATED THAT THE VEHICLE'S DOORS LOCKED AND UNLOCKED ON THEIR OWN ON MORE THAN ONE OCCASION. RYDELL CHEVROLET IN NORTH RIDGE, CALIFORNIA WAS MADE AWARE OF THE FAILURE AND REPLACED THE ENGINE AT 5,000 MILES, BUT THE FAILURE RECURRED. SANTA PAULA CHEVROLET IN SANTA PAULA, CALIFORNIA WAS MADE AWARE OF THE FAILURE AND REPLACED THE BATTERY, BUT THE FAILURE RECURRED."

- "CHECK ENGINE LIGHT CAME ON SAID REDUCED ENGINE POWER."

- "WAS DRIVING WITH CAR IN DRIVE AND CAR CHECK ENGINE LIGHT CAME ON WITH TRACTION SIGNAL STATING +REDUCED SPEEDS+. HAD TO PULL OVER AND CAR WOULD NOT GO PAST 20 MPH. CUT

CAR ON AND OFF 3 TIMES BEFORE THE REDUCED SPEED SIGNAL WENT OFF. WAS DRIVING ON THE HIGHWAY AND IT HAPPENED AGAIN AND I IMMEDIATELY HAD TO GET OFF THE HIGHWAY BECAUSE MY KIDS WERE IN THE CAR."

- "MY 2017 CHEVY MALIBU HAS BEEN DOING POWER ENGINE REDUCED FOR AWHILE IT+S BEEN TO THE DEALERSHIP MANY TIMES FOR THIS ISSUE. I HAVE ALMOST BEEN IN TO MULTIPLE CAR ACCIDENTS BECAUSE THE CAR REDUCES SPEED WHILE DRIVING SHOUTING MY CAR DOWN TO GO NO FASTER THEN 20 MPH. THIS IS A MAJOR SAFETY ISSUE THAT CHEVY IS GIVING ME A RUN AROUND ABOUT WHEN OBVIOUS THE CAR WAS SOLD TO ME LIKE THIS. I HAVE WARRANTY ON MY CAR AND THEY STILL HAVE NOT FIXED MY CAR PROPERLY LEAVING ME EVERYDAY AT RISK DRIVING THIS UNSAFE CAR THAT CAN CAUSE A MAJOR CAR ACCIDENT ESPECIALLY WHEN IT DOSE IT WHEN I+M DRIVING ON THE FREEWAY WHICH HAS HAPPENED THREE TIMES ALREADY. I HAVE ALL THE PAPERWORK FOR ALL THE WORK THAT HAS BEEN DONE TO THIS CAR WHICH IS CRAZY SINCE IT+S A NEW CAR. I NEED TO KNOW IS THERE A RECALL ON THIS ENGINE IN THIS CAR SINCE THEY CANNOT FIX THE PROBLEM WITH MY CAR. THE FIRST ISSUE WAS MY AIRBAGS THEN IT WAS THE SUSPENSION WHICH I WAS TOLD AGAIN THE SUSPENSION ARE BAD MEANING THEY PROBABLY NEVER FIXED THEM ALONG WITH THIS ENGINE PROBLEM I+M HAVING."

- "I PURCHASED MY VEHICLE IN SEPTEMBER 2017 AND AT THE BEGINNING OF JUNE 2018, THE CHECK ENGINE LIGHT WOULD TURN ON AND I'D GET A MESSAGE READING "ENGINE POWER REDUCED". THE TURBO WOULD BE SHUT OFF. I TOOK IT BACK AND FORTH TO THE DEALERSHIP ABOUT 5 TIMES BEFORE THEY FINALLY REPLACED THE TURBO VALVE. NOTHING HAPPENED AND ALL WAS FINE UNTIL THE BEGINNING OF OCTOBER WHEN IT HAPPENED AGAIN. MY PARTNER AND I TOOK THE CAR TO ANOTHER DEALERSHIP AND THEY SAID THAT IT WAS A COMPUTER CODE RESET ISSUE. THEY SAID THEY RESET IT AND IT SHOULD BE FINE. WITHIN ONE WEEK, IT WAS BACK ON. I DON'T KNOW WHAT TO DO AT THIS POINT SINCE EACH TIME I TAKE IT IN, THE SERVICE DEPARTMENT SEES THE ISSUE BUT THEY CONTINUALLY SAY NOTHING IS WRONG WITH THE VEHICLE. THE LIGHT COMES ON BOTH WHILE IN MOTION AND STATIONARY, IN MY GARAGE, IN A PARKING LOT, DRIVING ON SUBURBAN STREETS, ON THE HIGHWAY, WHENEVER. THERE'S NO SPECIFIC MOVEMENT THAT TRIGGERS THIS AND NO PAST OR CURRENT RECALLS REGARDING THIS ISSUE, THOUGH THIS HAS BEEN A COMMON COMPLAINT APPARENTLY FOR THE MALIBU VEHICLES, ACCORDING TO ONE OF THE DEALERSHIPS I TOOK MY

VEHICLE TO."

- "BOUGHT VEHICLE NEW 12-5-17 AND ON 12-6-17 ENGINE LIGHT WHILE IN MOTION ON HIGHWAY CAME ON I WAS ADVICE BY SERVICE MEMBER AT DEALERSHIP THAT IT WAS AN EMISSIONS PROBLEM AND IT WOULD FIX ITSELF. ENGINE LIGHT  WENT AWAY AND THEN 10-11-18 IN WHILE IN MOTION ON STREET ENGINE LIGHT CAME ON AND CAR DECELERATED IN SPEED GIVING MESSAGE ENGINE POWER IS REDUCED. WAS GOING TO TAKE TO DEALERSHIP THAT FOLLOWING MONDAY BUT THE ENGINE LIGHT WENT AWAY AGAIN BEFORE THAT TIME. TODAY 11-22-18 ENGINE LIGHT BACK ON,WHILE IN MOTION ON STREET SPEED REDUCED, SAME MESSAGE SAYING ENGINE POWERED REDUCED.  THOSE TIMES THAT THE ENGINE LIGHT CAME ON SPEED WOULD NOT GO OVER 30 MILES PER HOUR"

- "THIS IS THE THIRD TIME THIS INSTANCE HAS OCCURED. THE VEHICLE DASH STATED "REDUCED ENGINE POWER" AND THE CHECK ENGINE LIGHT APPEARS. THIS SLOWS THE VEHICLE TO AN ALMOST COMPLETE STOP. LUCKILY I HAVE EITHER BEEN IN TRAFFIC, IN A PARKING LOT AND A GREEN LIGHT WHEN THIS HAPPENS BUT THIS IS AN ISSUE. I AM IN MOTION."

- "MAY 2018 LOSS OF POWER DURING HIGHWAY DRIVE AT 65 MPH. CAR TOWED TO DEALER, CAUSE CURRENTLY UNDER INVESTIGATION"

- "WHILE DRIVING 45 MPH, THE SPEED REDUCED INADVERTENTLY AND A MESSAGE THAT THE SPEED REDUCED TO 25 MPH APPEARED. THE CHECK ENGINE WARNING INDICATOR ILLUMINATED."

- "WHILE MERGING ONTO A HIGHWAY, THE VEHICLE LOST ENGINE POWER AND THE "CHECK ENGINE" LIGHT CAME ON.  THE INFORMATION PANEL THEN DISPLAYED TWO WARNINGS, INCLUDING "ENGINE POWER IS REDUCED" AND WOULD NOT LET THE VEHICLE ACCELERATE MORE THAN 40 MPH."

- "GO DOWN THE HIGHWAY AT SPEED LIMIT THEN LOSE POWER WITH CHECK ENGINE AND REDUCTION OF POWER LIGHTS COME ONE. WE CAN SHUT OFF THE ENGINE AND WAIT A FEW MINUTES. THEN TURN THE CAR BACK ON WITH NO PROBLEMS FOR UNDETERRED  TIME FRAME BEFORE IT DOES IT AGAIN."

- ""REDUCED ENGINE POWER" WARNING CAME AND POWER WAS SUDDENLY REDUCED AND VEHICLE SPEED REDUCED.  THIS HAPPENED WHILE TRAVELLING 70MPH ON AN INTERSTATE ROAD.

VERY DANGEROUS AS THE SPEED DROPPED TO 40 MPH."

- "FIRST TIME THIS HAPPEN I WAS ON THE FREEWAY GOING AROUND 70 MPH WHEN THE CHECK ENGINE LIGHT WHEN ON AND A MASSAGE SAYING ENGINE POWER IS REDUCE   THE CAR  BEGUN TO SHAKE AND SPEED WHEN DOWN TO AROUND 40 MPH FROM 70 MPH IN SECONDS"

- "MAY 2018 LOSS OF POWER DURING HIGHWAY DRIVE AT 65 MPH."

- "I WAS TRAVELING ON A HIGHWAY, GOING AROUND 70 MPH, AS I WAS ABOUT TO MERGE ONTO ANOTHER FREEWAY, MY CHECK ENGINE LIGHT CAME ON, AND A NOTIFICATION CAME ON THAT SAID REDUCED ENGINE POWER. MY CAR THEN DROPPED SPEED TO ABOUT 40 MPH."

- "AT CRUISING SPEED ON THE FREEWAY, APPROXIMATELY 65 MPH, THE CAR JERKED AND LOST A SIGNIFICANT AMOUNT OF POWER. THE CHECK ENGINE LIGHT ILLUMINATED AND THE WARNING "ENGINE POWER IS REDUCED" DISPLAYED ON THE INFORMATION PANEL. THE CAR CONTINUED TO LOSE A SIGNIFICANT AMOUNT OF POWER UNTIL I WAS ABLE TO GET OUT OF A SEPARATED TOLL LANE AND TO THE BREAKDOWN LANE. AFTER RESTARTING THE CAR, IT WAS ABLE TO AGAIN GAIN POWER. OVER SEVERAL DAYS, THE CAR WOULD GO IN AND OUT OF THIS MODE AND THE CHECK ENGINE LIGHT WENT OFF AND ON MULTIPLE TIMES, IT AGAIN LOST POWER ON THE FREEWAY, LOST SIGNIFICANT POWER WHILE DRIVING UP HILLS (DROPPING FROM A SPEED OF 55 MPH TO BELOW 20 MPH WITHIN A MINUTE). CARS BEHIND MY CAR HAD TO MOVE OUT FROM BEHIND ME AND I HAD TO PULL IN TO THE BREAKDOWN LANE ON SEVERAL OCCASIONS TO LET OTHER CARS PASS ME AS I WAS UNABLE TO MAINTAIN A LEGAL SPEED. THIS PROBLEM WAS ASSESSED BY QUIRK CHEVROLET AND DETERMINED TO BE CAUSED BY THE THROTTLE POSITION SENSOR IN THE GAS PEDAL AND THE ENGINE CONTROL MODULE. QUIRK IDENTIFIED THAT THESE COMPONENTS ARE NOT COVERED UNDER THE POWERTRAIN WARRANTY (DESPITE THE FACT THAT THEY ARE NECESSARY COMPONENTS IN THE POWERTRAIN) AND THAT THE TOTAL COST TO REPLACE THESE WOULD BE APPROXIMATELY $520 PLUS THE COST OF A RENTAL CAR. THEY ALSO WERE NOT ABLE TO LOCATE AN AVAILABLE GAS PEDAL/THROTTLE POSITION SENSOR ASSEMBLY BY THE END OF THE BUSINESS DAY AND WERE UNABLE TO IDENTIFY A TIMEFRAME FOR THE LENGTH OF TIME THIS WOULD TAKE TO COMPLETE BECAUSE OF THIS MISSING PART. THEY ALSO IDENTIFIED THAT THEY WOULD NOT BE ABLE TO RESET THE ECM UNTIL THIS SENSOR ASSEMBLY WAS COMPLETED."

- "I WAS DRIVING 35MPH, AND SUDDENLY THE CAR LOST POWER, AND I WAS GOING 10 MPH. A MESSAGE CAME ON SAYING REDUCED POWER. I HAD THE CAR TOWED TO THE DEALERSHIP THAT I PURCHASED THE CAR, RED LION CHEVY. THEY FOUND NOTHING WRONG WITH THE CAR, AND TOLD ME I BETTER GET THE CAR OFF THE LOT. I WAS SCARED TO DRIVE THE CAR AS IF I WAS ON A HIGHWAY, I COULD HAVE BEEN RUN OVER BY A TRUCK. I ALREADY HAD A CRACKED PISTON REPAIRED AND THE CAR NEEDED A NEW ENGINE. ON STAR SENT ME AN EMAIL STATING THAT I HAVE AN ENGINE AND TRANSMISSION PROBLEM AND TO GET THE CAR SERVICED.THE SALES MANAGER RIVERA JUST WANTED TO SELL ME A NEW CAR, AND THEY WOULDN'T DO ANY FURTHER TESTING ON MY VEHICLE."

- "MY CAR ALL OF SUDDEN ON FREEWAY SNATCHED BACK FROM DOING 65 PLUS TO FREAKING LESS THAN 30 MILES INSTANTLY "ENGINE POWER REDUCED" MESSAGE APPEARS AND CHECK ENGINE LIGHT COMES ON. IT CONTINUES TO DO THIS EVERYDAY MY CAR WILL NOT DRIVE OVER 30-35 MPH."

- "IT WASN'T UNTIL ABOUT 3 WEEKS LATER THAT IT DID IT AGAIN, THEN IT WENT ANOTHER ALMOST MONTH BEFORE IT DID IT AGAIN. I FIGURED IF IT DID IT AGAIN, I WOULD TAKE IT BACK AGAIN. WELL 10 DAYS AGO, I WAS COMING HOME FROM WORK IN THE MORNING, DRIVING UP A HIGHWAY MOUNTAIN WHERE THE SPEED LIMIT IS 55. I LOST POWER AGAIN. I COULDN'T GO ANYMORE THAN 12 MPH. I HAD NOWHERE TO PULL OFF AT ON THIS SINGLE LANE. I HAD TO CONTINUE TO DRIVE IT FOR ANOTHER MILE OR SO, WHICH BY THEN I COULDN'T GO ANYMORE THAN 7MPH. JUST AS I GOT TO AN AREA WHERE I COULD PULL OFF, A TRACTOR TRAILER CAME FLYING AROUND THE TURN AND ALMOST HIT ME. HE WAS OBVIOUSLY GOING AT LEAST 55 MPH. IT WAS THE SCARIEST THING I HAVE EVER BEEN THROUGH IN MY LIFE."

- "TL* THE CONTACT OWNS A 2016 CHEVROLET MALIBU. WHILE DRIVING 70 MPH, THE ENGINE POWER WOULD REDUCE AND THE CHECK ENGINE WARNING INDICATOR ILLUMINATED. ALSO, THE REDUCE POWER MESSAGE DISPLAYED. THE VEHICLE WAS TAKEN TO A DEALER WHERE IT WAS DIAGNOSED WITH A UNDETERMINED FAILURE, BUT THE VEHICLE WAS REWIRED. THE FAILURE RECURRED. THE VEHICLE WAS TAKEN BACK TO THE DEALER AND THE ACCELERATOR PEDAL WAS REPLACED. THE ISSUE OCCURRED SEVERAL TIMES WITH DIFFERENT REPAIRS, BUT WITH AN UNDETERMINED DIAGNOSIS. THE MANUFACTURER WAS NOTIFIED OF THE FAILURES. THE FAILURE MILEAGE WAS APPROXIMATELY

3,200."

- "THE CAR CONSTANTLY GETS MESSAGE OF ENGINE POWER REDUCED WHILE DRIVING WITH NO PREVIOUS ISSUES OR WARNINGS. THE CHECK ENGINE LIGHT COMES ON THEN MY DRIVING SPEED DECREASES WHILE DRIVING. THIS IS VERY DANGEROUS! THIS HAPPENS ON CITY STREETS AND ON THE HIGHWAY. I HAVE TO PULL OVER TO SHUT THE CAR OFF AND WAIT A FEW MINUTES THEN RESTART THE CAR. THE CAR THEN STARTS NORMAL WITHOUT THE CHECK ENGINE LIGHT OR ERROR CODES."

- "CHECK ENGINE LIGHT COMES ON AND A REDUCE POWER INDICATOR SAID REDUCE ENGINE POWER, THE CAR GOES FROM 70MPH TO 40 MPH ON THE INTERSTATE PUTTING YOU AND YOUR FAMILY IN GRAVE DANGER"

- "VEHICLE STALLED ON HIGHWAY WHILE DRIVING AT SPEED ON TWO DIFFERENT OCCASIONS DESPITE SERVICING AFTER THE FIRST INCIDENT. BOTH TIMES, POP UP ALERT SAYS "SHIFT TO PARK" AND THEN "ENGINE HAS REDUCED POWER" AFTER WHICH THE GAS PEDAL NO LONGER WORKS. AFTER PULLING TO THE SIDE OF THE ROAD, THERE WAS A LOW BATTERY ALERT."

- "REDUCED ENGINE POWER WHILE TRAVELING AT 65 MPH ON THE FREEWAY. SPEED DROPPED TO 40 MPH. I WAS JUST ABLE TO PUT ON MY HAZARDS AND PULL OVER WITH SEVERAL CARS BEHIND ME SLAMMING ON THEIR BRAKES."

- "TWICE I HAVE HAD THE ACCELERATED PEDAL REPLACE, WHICH CAUSE THE ENGINE TO LOSE POWER. I HAVE TAKE THIS IN OVER 13 TIME FOR THE ENGINE LIGHT TO COME. I WAS DRIVING ON 495 AT THE SPEED OF 60 MPH IN 2ND TIME ALMOST WAS HIT FROM BEHIND."

- "I WAS DRIVING VEHICLE AND "CHECK ENGINE" LIGHT CAME ON AND MESSAGE SAID ENGINE POWER REDUCED. THE CAR RAPIDLY SLOWED DOWN AND WOULD NOT SPEED UP EVEN THOUGH I PRESSED DOWN HARD ON THE GAS PEDAL. I PULLED OVER AND PARKED, SHUT DOWN AND RESTARTED THE ENGINE. IT WORKED FINE. AS I DROVE TO GO BACK HOME, THE CAR COULD BARELY GO THE SPEED LIMIT. I PARKED THE CAR FOR MORE THAN 24 HRS. WHEN I STARTED THE CAR, THE ENGINE LIGHT HAD GONE OUT SO I DROVE OFF. WHILE DRIVING THE ENGINE LIGHT CAME BACK ON AND THE CAR'S SPEED SUDDENLY DROPPED DOWN TO A VERY SLOW PACE. THE SPEED LIMIT WAS 40 MPH. I PUSHED THE GAS PEDAL TO THE FLOOR BUT THE CAR WOULD ONLY GO ABOUT 10-20

MPH. SPEED CONTROL WAS A DEFINITE PROBLEM. THE DEALERSHIP WAS NOT FAR SO I DROVE IT THERE. I EXPLAINED THE PROBLEM AND THE SERVICE ATTENDANT TOLD ME WHAT THE PROBLEM WAS BEFORE HE CHECKED THE VEHICLE. IRONICALLY, THERE WAS ANOTHER CUSTOMER THERE WITH THE SAME PROBLEM. WE BOTH HAD THE SAME YEAR AND MAKE AND MODEL WITH APPROXIMATELY THE SAME AMOUNT OF MILEAGE. THE SERVICE ATTENDANT ADDRESSED BOTH OF US TOGETHER SINCE WE BOTH HAD THE SAME ISSUE. WE NEEDED A APP PEDAL SENSOR. THEY DIDN'T HAVE THE PART. IT WAS ON BACK ORDER. THIS TELLS ME THIS IS A COMMON PROBLEM WITH THIS CAR. HAD I BEEN ON THE HIGHWAY AND THIS HAPPENED, I OR SOMEONE ELSE COULD HAVE BEEN KILLED. THIS IS A SERIOUS SAFETY HAZARD AND CHEVROLET NEEDS TO RECALL AND FIX IT QUICKLY. WHILE CHECKING THE WEB FOR INFORMATION ABOUT THIS ISSUE, I NOTICED THERE ARE NUMEROUS ONLINE COMPLAINTS REGARDING THIS PROBLEM FROM OTHER CONSUMERS."

- "DRIVING ALONG AND MY 2016 WITH 39,000 MILES LOSES ACCELERATION POWER AND RECEIVE WARNING "ENGINE POWER IS REDUCED". I LIMP IT TO THE CHEVY DEALERSHIP AND THEY GET IT IN AND I GET A CALL LATER WITH THEM TELLING ME THEY HAVE SEEN THIS IN TWO OTHER CARS AND THEY ARE WAITING ON THE ACCELERATOR THROTTLE PEDAL SENSOR THAT NEEDS REPLACED. THEY RESET AND CLEANED THE SENSOR AND SENT ME ON MY WAY. IT'S HAPPENED THREE OTHER TIMES SINCE THEN AND I LIMP IT BACK TO SHOP EVERY TIME TO GET RESET. I SHOULD NOT BE HAVING THIS ISSUE WITH IT BARELY OUT OF WARRANTY. IT SAYS A LOT OF ONE SHOP TO HAVE THREE MALIBU'S WAITING FOR THIS PART TO BECOME AVAILABLE. I LOVE THE MALIBU'S BUT WITH THE ISSUES WITH THIS CAR I'VE HAD IT'S HARD TO KEEP MY FAITH IN CHEVROLET. THEY KNOW THIS MODEL IS HAVING ISSUES YET HAS NOT RECALLED MY VEHICLE YET AND I'M OUT OF POCKET. I'M A SINGLE MOM THAT NEEDS A RELIABLE CAR."

- "TL* THE CONTACT OWNS A 2016 CHEVROLET MALIBU. WHILE DRIVING VARIOUS SPEEDS THE "ENGINE POWER REDUCE" MESSAGE WAS DISPLAYED AND THE SPEED SUDDENLY DECELERATED TO 20 MPH. AFTER TURNING OFF AND RESTARTING THE ENGINE, THE VEHICLE OPERATED NORMALLY; HOWEVER THE FAILURE RECURRED. THE VEHICLE WAS TAKEN TO BREDENANN CHEVROLET (1401 WEST DEMPSTER ST, PARKRIDGE, IL) WHERE IT WAS DIAGNOSED THAT THE THROTTLE BODY NEEDED TO BE CLEANED AND THE ACCELERATOR PEDAL WAS FAULTY AND NEEDED TO BE REPLACED. THE CONTACT WAS INFORMED THAT THE ACCELERATOR PEDAL WAS ON BACKORDER AND THERE WAS NO

ESTIMATED OF WHEN THE PART WOULD BE AVAILABLE. THE MANUFACTURER WAS NOT NOTIFIED OF THE FAILURE. THE FAILURE MILEAGE WAS 44,000."

- "TL* THE CONTACT OWNS A 2016 CHEVROLET MALIBU. WHILE DRIVING VARIOUS SPEEDS, THE VEHICLE FAILED TO ACCELERATE AND DECELERATED TO 20 MPH. ALSO, THE REDUCE ENGINE POWER WARNING INDICATOR ILLUMINATED. THE VEHICLE WAS TAKEN TO TITUS-WILL CHEVROLET (11011 PACIFIC AVE S, TACOMA, WA 98444, (253) 539-1000) WHERE IT WAS DIAGNOSED THAT THE ACCELERATOR PEDAL POSITION SENOR NEEDED TO BE REPLACED. THE MANUFACTURER WAS NOTIFIED. THE FAILURE MILEAGE WAS 36,000."

- "WHILE DRIVING, ENGINE LOSES POWER AND THE CAR SHUTS DOWN. (THIS HAPPENS IN TRAFFIC!)"

- "WHILE DRIVING, THE ENGINE LOSES POWER AND THE CAR STOPS RIGHT WHERE IT IS.(IN TRAFFIC) THIS HAS HAPPENED 3 TIME RECENTLY. THIS IS A SAFETY ISSUE. I PURCHASED THE CAR FROM ANDREW CHEV. MILWAUKEE WIS."

- "THIS VEHICLE IS VERY DANGEROUS, WHILE RIDING ON THE HIGHWAY OR JUST DRIVING ALL TOGETHER THE ENGINE SPEED REDUCED LIGHT WILL COME ON AND THE SPEED DROPS IF I'M ON THE HIGHWAY IT DROPS TO 40MPH IF IM DRIVING THE STREET IT DROPS TO 20MPH, MY KIDS AND I WERE ALMOST HIT BY OTHER DRIVERS ON SEVERAL OCCASIONS BECAUSE OF THIS, I HAVE TAKEN IT TO THE DEALERSHIP AND NO ONE SEEMS TO KNOW THE PROBLEM, FOR THE PAST WEEK IT HAS BEEN GETTING WORSE AND HAPPENS AT LEAST 5 TIMES A DAY, SOMETHING HAS TO BE DONE ABOUT THIS AS ITS VERY DANGEROUS FOR MY FAMILY AND I"

- I AM HAVING AN ISSUE WITH MY CAR AND THE CODE IS P2138. THIS IS AN ACCELERATOR ISSUE AND WHEN THE ISSUE COMES ABOUT, THE CAR ENGINE REDUCES AND MY CAR WILL NOT GO OVER 20 MPH. I CALLED THE DEALERSHIP TO GET THE PART AND IT IS ON BACK ORDER. THIS IS TRULY A SAFETY ISSUE AND SHOULD BE A RECALL VERSUS ME HAVING TO PAY FOR THIS AND THE PART SHOULD BE AVAILABLE AS THIS IS DANGEROUS. IF I AM DRIVING ON THE HIGHWAY AND THIS HAPPENS, I MYSELF OR OTHERS COULD GET SERIOUSLY HURT IF NOT KILLED. THIS IS HAPPENING TO ME SEVERAL TIMES A DAY AND I NEED MY VEHICLE AND AM SCARED TO KEEP DRIVING IT WITHOUT IT BEING FIXED. OF COURSE, MY VEHICLE IS OVER MILEAGE WARRANTY, THEREFORE I NEED TO PAY OUT OF POCKET TO FIX THIS DANGEROUS PROBLEM. THIS IS A

SAFETY ISSUE AS THE CAR IS IN MOTION AND THERE IS NO WARNING SIGN THAT THE CAR IS GOING TO REV DOWN TO 20 MPH. CHEVROLET SAID THERE IS NO RECALL AND THE ONLY WAY THEY COULD EVEN CONSIDER REIMBURSEMENT OF ANY KIND WOULD BE TO HAVE THE CAR DIAGNOSED AT THE DEALERSHIP (WHICH IS $115 TO DIAGNOSE). THE CAR WAS DIAGNOSED BY A LICENSED MECHANIC, THEREFORE IT SHOULD NOT MATTER WHERE IT IS DIAGNOSED.

- "MESSAGE: "REDUCED ENGINE POWER" ENGINE POWER IS REDUCED, SPEED DROPS, CHECK ENGINE LIGHT IS DISPLAYED."

- "I HAVE A 2016 CHEVY MALIBU. AS I WAS DRIVING MY ENGINE LIGHT CAME ON AND THEN A MESSAGE SAYING THAT MY ENGINE POWER HAS BEEN REDUCED. I TOOK MY CAR TO A NEAR BY CHEVROLET SERVICE DEPARTMENT. THEY SAID THAT THE ISSUE WAS A FAILED ACCELERATOR PEDAL ALONE WITH SOME FAILED SENSORS. I SAW SEVERAL REVIEWS WITH A SIMILAR PROBLEM IF NOT THE SAME. I WAS VERY SHOCKED TO SEE THAT THERE WAS NOT A RECALL TO CORRECT THIS ISSUE. I BROUGHT THIS CAR BRAND NEW AND EVERY SINCE THEN I HAVE BEEN HAVING NOTHING BUT ISSUES. I CALLED GM AND THEY OPENED A TICKET, SO HOPEFULLY I GET SOME FEEDBACK SAYING THAT IT IS SOMETHING THEY ARE RECALLING TO CORRECT THE ISSUE.. UNTIL THEN I HAVE TO PAY OUT OF POCKET FOR A RENTAL. IF THEY DO NOT RECALL IT THEN I WILL BE PAYING OVER $1200 FOR REPAIRS."

- "THE LISTED 2016 CHEVY MALIBU HAS BEEN HAVING "REDUCE ENGINE" ISSUE FOR THE PAST 3 MONTHS NO EXPLANATION FOR WHY IT HAPPENS. IT OCCURES RANDOMLY, ON HIGHWAYS, LOCAL ROADS, HIGH AND LOW SPEED. THE CHECK ENGINE LIGHT COMES ON, BUT TURN OFF AFTER A COUPLE OF MINUTES, THOUGH THE ISSUE PERSIST."

- "TL* THE CONTACT OWNS A 2016 CHEVROLET MALIBU. WHILE OPERATING THE VEHICLE, THE STABILITRAK INDICATOR ILLUMINATED. ALSO, AFTER TURNING THE IGNITION OFF, THE ENGINE CONTINUED TO OPERATE FOR APPROXIMATELY 30 SECONDS. UPON RESTARTING THE VEHICLE, IT DROVE VERY ROUGHLY AND WOULD NOT ACCELERATE PROPERLY. THE VEHICLE WAS TAKEN TO RED LION CHEVROLET (3220 CAPE HORN RD, RED LION, PA) WHERE IT WAS DIAGNOSED THAT THE ENGINE WAS FAULTY AND NEEDED TO BE REPLACED. THE ENGINE WAS REPLACED. APPROXIMATELY THREE MONTHS LATER, AFTER SWITCHING TO THE PARK POSITION, "SHIFT TO PARK" APPEARED ON THE INSTRUMENT PANEL. THE VEHICLE WAS TAKEN TO THE SAME

DEALER WHERE IT WAS DIAGNOSED THAT THE SHIFTER ASSEMBLY NEEDED TO BE REPLACED. THE VEHICLE WAS REPAIRED, BUT "POWER REDUCED" LATER DISPLAYED AND THE SPEED SUDDENLY REDUCED TO 10 MPH. THE CAUSE OF THE FAILURE WAS NOT DETERMINED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURES. THE FAILURE MILEAGE WAS 20,000."

- "TL* THE CONTACT OWNS A 2016 CHEVROLET MALIBU. WHILE DRIVING BETWEEN 29-34 MPH, THE VEHICLE STALLED AND "REDUCED ENGINE POWER" APPEARED ON THE INSTRUMENT PANEL. THE CONTACT HAD TO WAIT A FEW MINUTES BEFORE THE VEHICLE WOULD RESTART. THE VEHICLE WAS TAKEN TO SOUTH BUCKNER CHEVROLET (9301 EARL THORNTON FREEWAY, DALLAS, TX 75228, 469-294-3000) WHERE IT WAS DIAGNOSED THAT THE ACCELERATOR PEDAL WAS DEFECTIVE. A NEW ACCELERATOR PEDAL WAS INSTALLED, BUT THE FAILURE RECURRED. THE MANUFACTURER WAS NOT NOTIFIED. THE FAILURE MILEAGE WAS 27,218."

- "I'LL BE DRIVING APPROXIMATE 40 MILES AND CAR SYSTEM WILL COME UP STATING " ENGINE IS GOING TO REDUCE SPEED" OR SOMETHING LIKE THAT ? IT'S BEEN GOING FOR AT LEAST TWO WEEKS OR MORE NOW ."

- "AS SOON AS I STARTED THE CAR, THE CHECK ENGINE LIGHT CAME ON STATING THAT THE ENGINE'S EMISSION IS BEING REDUCED TO WHERE YOU CAN FEEL THAT THE SPEED OF THE CAR IS SLOWING DOWN, BUT THEN THE ENGINE LIGHT WENT OFF A LITTLE WHILE LATER. THIS HAPPENED ON THIS PAST SUNDAY, NOW IT COMES ON AGAIN TWO DAYS LATER. I HAVE BEEN HAVING THIS PROBLEM FOR ABOUT THE PAST YEAR AND THIS IS A BRAND NEW CAR. ITS LIKE EVERY 2-3 MONTHS THIS ISSUE OCCURS."

- "CHECK ENGINE LIGHT CAME ON CAR HAD TURNED OFF 2 TIMES AND WAS STALLING ALSO SAID ENGINE POWER REDUCED"

- "CHECK ENGINE LIGHT CAME ON SAID REDUCED ENGINE POWER. ALSO WATER WAS LEAKING INTO THE CAR FROM REAR BRAKE LIGHT"

- "TL* THE CONTACT OWNS A 2016 CHEVROLET MALIBU. WHILE DRIVING APPROXIMATELY 65 MPH, THE "REDUCE SPEED" WARNING INDICATOR ILLUMINATED AND THE VEHICLE'S SPEED WAS REDUCED TO 40 MPH. SIMULTANEOUSLY, A BELL CHIMED AND THE CHECK ENGINE INDICATOR ILLUMINATED. THE CONTACT STATED THAT THE VEHICLE WOULD NOT ACCELERATE BEYOND 40 MPH. IN ADDITION, THE CONTACT STATED THAT THE VEHICLE'S DOORS

LOCKED AND UNLOCKED ON THEIR OWN ON MORE THAN ONE OCCASION. RYDELL CHEVROLET IN NORTH RIDGE, CALIFORNIA WAS MADE AWARE OF THE FAILURE AND REPLACED THE ENGINE AT 5,000 MILES, BUT THE FAILURE RECURRED. SANTA PAULA CHEVROLET IN SANTA PAULA, CALIFORNIA WAS MADE AWARE OF THE FAILURE AND REPLACED THE BATTERY, BUT THE FAILURE RECURRED. THE MANUFACTURER WAS NOT MADE AWARE OF THE FAILURES. ONSTAR WAS CONTACTED AND DIAGNOSED THAT THE ENGINE AND TRANSMISSION THROTTLE FAILED TO FUNCTION PROPERLY. THE FAILURE MILEAGE WAS APPROXIMATELY 5,000."

- "TL* THE CONTACT OWNS A 2016 CHEVROLET MALIBU. WHILE DRIVING VARIOUS SPEEDS, THE VEHICLE WOULD SUDDENLY DECELERATE AND THE "ENGINE POWER REDUCED" MESSAGE DISPLAYED. THE VEHICLE WAS TAKEN TO AN UNKNOWN CHEVROLET DEALER WHERE IT WAS DIAGNOSED THAT THE ELECTRICAL WIRE HARNESS WAS FAULTY AND NEEDED TO BE REPLACED. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS NOT NOTIFIED OF THE FAILURE. THE FAILURE MILEAGE WAS 45,000. *TT"

- "TL* THE CONTACT OWNS A 2016 CHEVROLET MALIBU. THE CONTACT STATED THAT THE VEHICLE EXPERIENCED REDUCED ENGINE POWER AND DECELERATION. THE CONTACT STATED THE VEHICLE WOULD NOT ACCELERATE PAST 20 MPH AND THE "ENGINE REDUCED POWER" WARNING INDICATOR ILLUMINATED. THE VEHICLE WAS TAKEN TO FIVE STAR CHEVROLET BUICK (300 S BOONE ST, ABERDEEN, WA), BUT THE FAILURE COULD NOT BE DIAGNOSED. THE MANUFACTURER WAS NOTIFIED AND DID NOT ASSIST. THE FAILURE MILEAGE WAS APPROXIMATELY 30,000. THE VIN WAS NOT PROVIDED."

- "TL* THE CONTACT OWNS A 2016 CHEVROLET MALIBU. WHILE OPERATING THE VEHICLE, THE MESSAGES "CRITICAL ENGINE", "TRANSMISSION FAILURE", AND AN ANTILOCK BRAKING MESSAGE APPEARED. IN ADDITION, THE VEHICLE EXPERIENCED FREQUENT STALLING AND REDUCTION OF SPEED AT RANDOM. THE VEHICLE WAS TAKEN TO THE LOCAL DEALER (SALE AUTOMALL, 1053 HWY 258 N, KINSTON, NC) WHERE IT WAS DIAGNOSED THAT THE ACCELERATOR PEDAL ASSEMBLY WAS FAULTY AND NEEDED TO BE REPLACED. THE VEHICLE WAS REPAIRED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE AND DID NOT ASSIST. THE VIN WAS NOT AVAILABLE. THE FAILURE MILEAGE WAS 28,950."

- "TL* THE CONTACT OWNS A 2016 CHEVROLET MALIBU. WHILE DRIVING APPROXIMATELY 50 MPH, THE "ENGINE POWER REDUCED"

MESSAGE APPEARED AND THE VEHICLE LOST ACCELERATION. THE CONTACT COASTED THE VEHICLE TO THE SHOULDER. THE CONTACT WAITED AND THEN DROVE HOME. THE VEHICLE WAS TAKEN TO STEVE CHEVROLET IN OAKDALE, CALIFORNIA WHERE IT WAS AWAITING DIAGNOSTIC TESTING. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS NOT NOTIFIED OF THE FAILURE. THE APPROXIMATE FAILURE MILEAGE WAS 26,000."

- "TL* THE CONTACT OWNS A 2016 CHEVROLET MALIBU. WHILE DRIVING VARIOUS SPEEDS, THE "ENGINE POWER REDUCED" MESSAGE SUDDENLY DISPLAYED AND THE VEHICLE'S SPEED REDUCED AND WOULD NOT ACCELERATE. AFTER TURNING OFF AND RESTARTING THE ENGINE, THE VEHICLE RETURNED TO NORMAL. THE FAILURE WAS NOT DIAGNOSED OR REPAIRED. THE MANUFACTURER AND LOCAL DEALER WERE NOT NOTIFIED OF THE FAILURE. THE VIN WAS UNKNOWN. THE FAILURE MILEAGE WAS 38,000."

- "FIRST TIME THIS HAPPEN I WAS ON THE FREEWAY GOING AROUND 70 MPH WHEN THE CHECK ENGINE LIGHT WHEN ON AND A MASSAGE SAYING ENGINE POWER IS REDUCE THE CAR BEGUN TO SHAKE AND SPEED WHEN DOWN TO AROUND 40 MPH FROM 70 MPH IN SECONDS, I KEEP ACCELERATING BUT THE CAR WAS NOT PICKING UP ANY SPEED EVEN THOUGH MY RPM WHEN UP TO 4 AND 5 MY CAR WASN'T GOING ANY FASTER. THIS HAPPEN OVER AND OVER AGAIN. I TOOK THE CAR BACK TO THE DEALER FIRST COUPLE OF TIMES THEY SAID NOTHING WAS WRONG WITH THE CAR. BUT THE ISSUE CONTINUE NOW AFTER SO MANY TIMES THEY FIGURE OUT THAT SOME SENSORS NEED TO BE REPLACE AND ALSO THE ACCELERATOR PEDAL WAS NOT WORKING. I REALLY HOPE THIS IS FIX."

- "MY CAR IS CONSTANTLY SAYING ENGINE POWER HAS BEEN REDUCE. NO MECHANIC CAN FIND THE CORRECT PROBLEM."

- "SEPTEMBER 2017 STABLITYTRACK WARNING CAME ON AFTER WEEKS CHEVY TOLD ME THEY WERE PUTTING A NEW ENGINE IN. WENT TO PICK UP CAR 10/4/2017 CHECK ENGINE LIGHT STILL ON LEFT CAR, SERVICE SAID IT WAS A CRACKED CONNECTOR AND REPLACED. DEC 22 TODAY ENGINE POWER IS REDUCED ALERT COMES ON AND CAN'T GO OVER 20MPH WAS ON THE HIGHWAY."

- "I DECIDED TO LEASE A 2016 MALIBU OF FEBRUARY 2016. THE CAR WAS GREAT UNTIL MONTHS LATER I STARTED TO HAVE PROBLEMS. I WAS DRIVING TO SCHOOL ON THE FREEWAY IN OCTOBER 2016, WHEN MY CAR SUDDENLY WENT INTO REDUCE SPEED ENGINE. I

WAS DRIVING APPROXIMATELY 65 TO 70 MPH. I WAS IN THE LEFT LANE OF THE FREEWAY. AS I WAS DRIVING MY CAR DASHBOARD DISPLAY REDUCE SPEED ENGINE, THEN IMMEDIATELY MY CAR WENT FROM 70 MPH TO 30 MPH TO 20MPH. I MANAGE TO GET MY CAR TO THE EMERGENCY LANE OF THE FREEWAY. THE PROBLEM WAS FIXED THAT FOLLOWING WEEK, WITH COMPLICATIONS OF TRYING TO GET A RENTAL CAR SO I CAN GO TO WORK AND SCHOOL. 2017 OCTOBER 31ST, I WAS DRIVING TO GO PICK UP MY SON FROM SCHOOL. I WAS ON A MAJOR STREET. MY CAR WENT INTO REDUCE SPEED ENGINE. I WAS DRIVING 35 MPH. MY CAR WENT FROM 35 TO 20 MPH'S AGAIN. I MANAGED TO PULL INTO A NEAR BANK. SHAKEN UP I PARKED MY CAR AND TURN IT OFF AND THEN BACK ON WITHIN FIVE MINUTES. THE LIGHT WAS STILL DISPLAY ON MY DASHBOARD. I DROVE TO MY SON SCHOOL. I COULDN'T DRIVE OVER 10 MPH. IT NORMALLY TAKE 10 MINUTES TO DRIVE TO MY SON SCHOOL IT 25. IT TOOK EVEN LONGER TO GET BACK HOME. NOVEMBER 30TH, SAME PROBLEM HAPPEN AGAIN. WHILE DRIVING ON A MAJOR HIGHWAY. ONCE AGAIN I WAS IN THE LEFT LANE DRIVING THE REDUCE SPEED ENGINE CAME ON. MY CAR SLOWED DOWN. I HAD CARS BEHIND ME HONKING THEIR HORNS AT ME NEARLY CAUSING A FEW ACCIDENTS. I MANAGE TO GET OFF THE FREEWAY. I DID NOT WANT TO BE STUCK ON THE FREEWAY WHILE IT WAS DARK. I WAS STRANDED AT A NEARBY GAS STATION FOR CLOSE TO TWO HOURS. THE PROBLEMS I KEEP HAVING WITH THIS CAR IS DANGEROUS. I REFUSE TO DRIVE A VEHICLE THAT CAN POTENTIALLY CAUSE ME OR MY SON OUR LIVES."

- "WHILE DRIVING ON THE EXPRESSWAY MY CHECK ENGINE LIGHT CAME ON WITH THE MESSAGE REDUCED ENGINE POWER. THE CAR SLOWED FROM 60 MILES TO 20 MILES INSTANTLY, I PANICKED BUT WAS ABLE TO EXIT WITHOUT HARM. ONCE ON THE STREET THE CAR WOULD NOT EXCEED 20 MPH. ALMOST LIKE THE TRANSMISSION WAS PULLING. I RECEIVED AN EMAIL FROM ON STAR DIAGNOSTIC STATING CRITICAL ISSUE WITH ENGINE AND TRANSMISSION SERVICE IMMEDIATELY. I GOT TO THE DEALER AT THE EARLIEST ALLOWED AND THE CUSTOMER SERVICE TECH TOLD ME THE CODE SHOWING WAS FOR THE TROTTEL AND NOT THE ENGINE OR TRANSMISSION, BUT THEY WOULD HAVE TO DO A COMPLETE CHECK. ONE HOUR LATER THE CUSTOMER SERVICE TECH CALLED FOR ME AND GAVE ME MY KEYS SAYING THERE IS NO KNOWN FIX AT THIS TIME FOR MY PROBLEM AND THEY RESET THE CODES. IF IT HAPPENS AGAIN GIVE THEM A CALL. AT THE TIME OF THE INCIDENT I WAS DRIVING 60 MPH AND THE MILEAGE ON MY CAR WAS ABOUT 39,980."

- "TL* THE CONTACT OWNS A 2016 CHEVROLET MALIBU. WHILE

DRIVING 45 MPH, THE SPEED REDUCED INADVERTENTLY AND A
MESSAGE THAT THE SPEED REDUCED TO 25 MPH APPEARED. THE
CHECK ENGINE WARNING INDICATOR ILLUMINATED. THE CONTACT
STATED THAT ONSTAR SENT AN EMAIL ADVISING THAT A CRITICAL
ENGINE AND TRANSMISSION REPAIRED WERE NEEDED. THE DEALER
WAS UNABLE TO DUPLICATE THE ISSUE. THE ISSUED RECURRED
AFTER LEAVING THE DEALER AND THE VEHICLE REDUCE SPEED
AND CHECK ENGINE INDICATORS ILLUMINATED. THE CONTACT
WAS UNABLE TO DRIVE ABOVE 20 MPH. THE VEHICLE WAS TAKEN
BACK TO THE DEALER WHO STATED THAT THEY WOULD NEED TO
CONTACT THE MANUFACTURER. THE MANUFACTURER WAS NOT
MADE AWARE OF THE ISSUE. THE VIN WAS INVALID. THE FAILURE
MILEAGE WAS 1,695."

- TL* THE CONTACT OWNS A 2017 CHEVROLET MALIBU. THE
CONTACT STATED THAT THE VEHICLE DECELERATED WITHOUT
WARNING. ON MOST OCCASIONS, THE SPEED WOULD REMAIN
CONSISTENT. OTHER TIMES, THE SPEED WOULD DECREASE DURING
THE FAILURE. IN ADDITION, THE CHECK ENGINE WARNING
INDICATOR ILLUMINATED. THE VEHICLE WAS TOWED TO CHUCK
HUTTON CHEVROLET (2471 MT MORIAH RD, MEMPHIS, TN 38115, (901)
318-3703) WHERE IT WAS DIAGNOSED THAT A NEW ACCELERATOR
FUSE PEDAL NEEDED TO BE INSTALLED. THE VEHICLE WAS
REPAIRED ELEVEN TIMES OVER THREE YEARS FOR THE SAME
FAILURE, BUT THE FAILURE CONTINUED. THE MANUFACTURER WAS
MADE AWARE OF THE FAILURES AND DID NOT ASSIST. THE FAILURE
MILEAGE WAS 68,973.

- I WAS DRIVING ON AN EXPRESSWAY WHEN THE CHECK ENGINE
LIGHT CAME ON AND THE FOLLOWING MESSAGE: "REDUCED
ENGINE POWER." THE ENGINE POWER WAS CUT TO
APPROXIMATELY 30 MPH WHICH WAS EXTREMELY DANGEROUS ON
AN EXPRESSWAY AND I DID NOT KNOW WHAT WAS HAPPENING. I
WAS BARELY ABLE TO EXIT THE HIGHWAY WITHOUT INCIDENT
AND TOOK THE VEHICLE TO A CHEVY DEALERSHIP. I WAS TOLD TO
CUT THE ENGINE AND OPEN/CLOSE THE DRIVER'S SIDE DOOR
BEFORE RESTARTING THE VEHICLE. THIS ALLOWED THE VEHICLE
TO REGAIN ENGINE POWER BUT THE CHECK ENGINE LIGHT
REMAINED ON. ACCORDING TO THIS DEALERSHIP AND THE
DEALERSHIP THAT ULTIMATELY FIXED THE CAR, THIS IS A
COMMON PROBLEM WITH THE CHEVY MALIBU THAT NEEDS TO BE
RECALLED. A BRIEF INTERNET SEARCH CONFIRMS THIS IS AN
ONGOING PROBLEM WITH THE MALIBU THAT GM HAS YET TO
APPROPRIATELY FIX. ALTHOUGH MY VEHICLE WAS FIXED, IT IS A
TEMPORARY SOLUTION AT BEST. OTHER DRIVERS HAVE REPORTED
SCARY INCIDENTS WHEN THEY WERE DRIVING ON AN EXPRESSWAY

AND SUDDENLY LOST ENGINE POWER. THIS IS UNACCEPTABLE AND COULD LEAD TO SERIOUS INJURY. MY VEHICLE HAS 25,865 MILES AND I DO NOT WISH TO KEEP PAYING TO FIX THIS PROBLEM ONCE MY VEHICLE IS OUT OF WARRANTY.

- ENGINE POWER IS REDUCED, I WAS ON THE INTERSTATE TRAVELING 65 MPH AND THE ENGINE POWER IS REDUCED ERROR APPEARED ON MY DASH AND THE CAR LOST ENGINE POWER AND ALMOST GOT INTO A CRASH.

- 2017 MALIBU LOST POWER WHILE ON THE FREEWAY ON 4/10/2019! DROPPED FROM 65 DOWN TO 45 WHILE IN THE 3RD LANE. THIS HAS TO DO WITH SOME ELECTRICAL CONNECTION AROUND THE DRIVE PEDAL! THERE ARE MANY COMPLAINTS OF PPL LOSING POWER WHILE ON THE FREEWAY. JUST GOOGLE IT! THIS IS A KNOWN ISSUE THAT IS GOING TO GET SOMEONE KILLED! AS A FORMER QE IN THE AUTO INDUSTRY, THIS WOULD HAVE ALREADY RESULTED IN RECALL EFFORTS BECAUSE OF THE SAFETY RISK! SO NHTSA, I HOPE YOU TAKE THIS COMPLAINT VERY SERIOUSLY AND NOT WAIT FOR SOMEONE TO DIE OR GET SERIOUSLY HURT! SUCH AS THE TAKATA AIRBAG, FIRESTONE TIRES WHICH ALMOST KILLED A FAMILY MEMBER!

- TL* THE CONTACT OWNS A 2017 CHEVROLET MALIBU. WHILE DRIVING VARIOUS SPEEDS, THE VEHICLE LOST POWER AND STALLED. ALSO, THE CHECK ENGINE INDICATOR ILLUMINATED AND "ENGINE POWER REDUCED" APPEARED ON THE INSTRUMENT PANEL. THE VEHICLE WAS TAKEN TWICE TO BURKINS CHEVROLET (273 E MACCLENNY AVE, MACCLENNY, FL 32063, (866) 551-5325) WHERE IT WAS DIAGNOSED THAT THE THROTTLE CABLE NEEDED TO BE BLOWN OUT AND THE SYSTEM NEEDED TO BE UPDATED. THE VEHICLE WAS REPAIRED, BUT THE FAILURE RECURRED. THE MANUFACTURER WAS CONTACTED AND DID NOT ASSIST. THE FAILURE MILEAGE WAS 75,656.

- TL* THE CONTACT OWNS A 2017 CHEVROLET MALIBU. WHILE DRIVING 50 MPH, THE VEHICLE DECELERATED TO 10 MPH, LOST POWER, AND THE CHECK ENGINE INDICATOR ILLUMINATED. THE VEHICLE WAS TAKEN TO DANIELS LONG CHEVROLET (70 AUTOMOTIVE DR, COLORADO SPRINGS, CO 80905, (719) 387-1072) WHERE IT WAS DIAGNOSED THAT THE THROTTLE PEDAL MALFUNCTIONED. THE VEHICLE WAS REPAIRED, BUT THE FAILURE RECURRED TWICE. THE MANUFACTURER WAS CONTACTED AND PROVIDED CASE NUMBER: 95124179466. NO FURTHER ASSISTANCE WAS PROVIDED. THE FAILURE MILEAGE WAS 33,236.

- WHILE DRIVING VEHICLE ON HIGHWAY AT A SPEED OF 80 MPH, THIS MESSAGE APPEARED WHICH SAID ENGINE POWER REDUCED SPEED. I HAD TO FIND MY WAY TO THE RIGHT SIDE OF THE HIGHWAY, WHILE OTHER VEHICLES ARE TRAVELING AT A 75+ MPH, AND MY VEHICLE SPEED HAS REDUCED DOWN TO 30 MPH IN A MATTER OF SECONDS . I PULLED OVER TO THE EMERGENCY LANE ON THE EXPRESSWAY AND SHUT DOWN MY VEHICLE. AFTER 15 MIN, I STARTED MY VEHICLE AND THE CHECK ENGINE LIGHT WAS ON, BUT I WAS ABLE TO DRIVE AT A NORMAL SPEED AGAIN. THIS IS A HAZARDOUS ISSUE AND NEED ATTENTION IMMEDIATELY.

- VEHICLE WENT INTO "ENGINE POWER DECREASED" UNABLE TO ACCELERATE WITH THE CHECK ENGINE LIGHT ON AS WELL AS THROTTLE SENSOR ON. TOOK TO DEALER WHO CHECKED ALL OF THE DIAGNOSTIC CODES AND SAID IT WAS FULLY OPERATIONAL. AGAIN DROVE FOR ABOUT 1 MONTH AND SAME THING HAPPENED. TOOK IT BACK IN AND CHEVROLET DEALER SAID IT WAS THE ACCELERATOR PEDAL SENSOR. WE REPLACED THE SENSOR BEING A $200 PART LAST WEEK AND AGAIN THE CHECK ENGINE LIGHT CAME ON. WHEN THIS HAPPENED WE WERE ON THE HIGHWAY IN A SNOW STORM AND HAD OUR BABY IN THE VEHICLE. IT LOCKED UP AND CARS COULDN'T SLOW DOWN APPROPRIATELY. WE LEFT THE HIGHWAY FOR SAFETY REASONS AND KEPT VEHICLE ON AS IT WAS BELOW 0 DEGREES OUTSIDE!

- TL* THE CONTACT OWNS A 2017 CHEVROLET MALIBU. THE CONTACT STATED THAT THE VEHICLE WOULD GO INTO REDUCED POWER MODE, CAUSING THE VEHICLE TO LOSE SPEED AND GO INTO LIMP MODE. THE CONTACT STATED THAT THE FAILURE OCCURRED NUMEROUS TIMES. THE VEHICLE WAS TAKEN TO MIKE CASTRUCCI CHEVROLET (1099 LILA AVE, MILFORD, OH 45150) WHERE IT WAS DIAGNOSED THAT THE ACCELERATOR ASSEMBLY NEEDED TO BE REPLACED; HOWEVER, THE PARTS WERE UNAVAILABLE. THE MANUFACTURER WAS NOT CONTACTED. THE VEHICLE WAS NOT REPAIRED. THE FAILURE MILEAGE WAS 62,000.

- (ACCELERATOR PEDAL) ALL OF A SUDDEN MY CAR STARTED TO STALL... RIGHT IN THE MIDST OF ME DRIVING .. NO MATTER WHAT SPEED IM DRIVING. CAUSING MY DASH TO READ ( REDUCED ENGINE POWER ) EVERYTIME MY CAR GO'S INTO THIS MALFUNCTION ITS A SUDDEN LOST OF POWER.. WHERE EVER IM DRIVING AT ANY SPEED.. ON CITY STREET , HIGHWAY, ETC..WERE IT COULD LEAD TO VERY DANGEROUS OR TRAGIC SITUATIONS.. I TOOK MY CAR TO A CHEVROLET DEALER WERE THEY DIAGNOSIS IT TO BE ( PEDAL POSITION SENSOR NOT PLAUSIBLE NEEDS ACCELERATOR PEDAL REPLACED AND PROGRAMED.. MY CAR HAS BEEN IN THE SHOP

SINCE JANUARY 24 2019 AWAITING FOR APART (ACCELERATOR PEDAL) THAT HAS BEEN ON BACK ORDER FOR OVER A MONTH AND STILL HASNT CAME AVAILABLE AS OF FEBRUARY 5 2019 NOBODY CAN FULLY EXPLAIN WHY NOONE HAS THIS PARTICULAR PART AVAILABLE.. THERE ARE A NUMBER OF CARS HAVING THIS SAME ISSUE AWAITING THIS SAME REPAIR .. AT THE EXACT TIME OF MY AWAITING. THIS IS A VERY PROBLEMATIC ISSUE. THAT HAS BECOME VERY INCONVENIENT OF NOT BEING ABLE TO DRIVE MY CAR AT ALL.

- VEHICLE HAS "REDUCED ENGINE POWER" MULTIPLE TIMES ERROR DISPLAYED AND WILL STALL ANYWHERE IN TRAFFIC CAUSING DANGEROUS SITUATIONS. THESE CARS ARE BEING SOLD PEOPLE ARE NOT FAMILIAR WITH THIS. YOU CAN STOP ON THE SIDE OF THE ROAD AND CHECK WHAT IS WRONG BUT RISK POSSIBLY BEING INJURED BY ON COMING VEHICLES IN ON GOING TRAFFIC. THIS FEATURE SHOULD BE SOMETHING COVERED BY THE COMPANY FOR A BRAND NEW CAR THERE NO REASON BEHIND WHY THE CAR IS DOING THIS OR HOW THE DRIVER CAUSE THE CAR TO ENTER THIS LIMP MODE. I DRIVE ON A HIGHWAY AT 70MPH AND THE CAR STALL COMPLETELY SENT ME INTO PANIC MODE BECAUSE THERE WAS NO WARNING PRIOR TO THIS, SOON WILL CAUSE THE DEATH OF A DRIVER AND THEIR FAMILY. ONCE GETTING THE CAR HOME IT NO LONGER STARTS.

- AS I EXITED THE FREEWAY AND WAS SLOWING DOWN MY CAR JERKED AND THEN THE CHECK ENGINE LIGHT, TRACTION CONTROL LIGHT AND "REDUCED ENGINE POWER" MESSAGE CAME ON. THE CAR WOULD NOT ACCELERATE PROPERLY OR BUILD ENOUGH MOMENTUM TO SHIFT AS IT SHOULD. VEHICLE FELT LIKE IT WAS STUCK IN 2ND GEAR. I STARTED DRIVING DIRECTLY TO THE DEALERSHIP ON THE HWY. EVENTUALLY THE CAR BUILT ENOUGH MOMENTUM TO SHIFT OUT OF 2ND. CAR DROVE BETWEEN 20-35 MPH. TOOK A LONG TIME TO BUILD UP SPEED AFTER STOPPING AT RED LIGHTS. (ACCELERATOR PEDAL REPLACED) DANGEROUS SITUATION FOR ME AND THE VEHICLES AROUND ME.

- CHECK ENGINE LIGHT CAME ON AND THE NEXT DAY THE SPEED OF VEHICLE DECREASED AND SAID ENGINE POWER REDUCED WHILE I WAS ON HIGHWAY

- DRIVING DOWN THE INTERSTATE WHICH IS 70 MPH I GOT THE ERROR OF REDUCED ENGINE POWER AND ALSO P2135 IT WENT OFF FOR ABOUT THREE WEEKS AND IT HAPPENED AGAIN TODAY ON MY COMMUTE TO WORK.MY CHEVROLET MALIBU IS A LITTLE OVER A

YEAR OLD. THIS CAR HAS HAD SO MANY ISSUES THAT NEED TO BE FIXED

- I+VE PURCHASED THIS VEHICLE BACK IN SEPTEMBER 2017 AND THE ACCELLARATOR PETAL HAS GONE OUT. MY CHECK ENGINE LIGHT CANS ON AND AS I WAS DRIVING, IS GAVE A MESSAGE SAYING ENGINE POWER REDUCING. I+VE TAKEN IT TO THE JIM ELLIS DEALER TO DIAGNOSE AND THEY ADVISED ME IT WAS THE ACCELLORATOR PETAL FAULT. THIS HAS BEEN HAPPENING TO SEVERAL MALIBU+S FIE SOME YEARS NOW AND THIS ISSUE NEEDS A MASSIVE RECALL. NO ONE SHOULD HAVE TO REPAIR A VEHICLE WITHIN A YEAR OF PURCHASING. MIND YOU MY WARRANTY IS NOT IN EFFECT, IT+S EXPIRED. I+VE DONE RESEARCH AND SEVERAL MALIBU+S SINCE 2008 HAS THIS SAME ISSUE.  ONCE THE REDUCE SPEED TOOK PLACE, IT WOULD NOT ALLOW MY VEHICLE TO ACCELERATE ABOVE 60 MILES PER HOUR WHILE ON THE FREEWAY.

- MY VEICHLE HAVE BEEN HAVING ELECTRICAL ISSUES SINCE MONTHS NOW. I HAVE BEEN PAYING EXTRA MONEY TO REPAIRS AND STILL DOESN+T GET IT FIX. DEALERSHIP DOESN+T KNOW WHAT TO DO ANYMORE. MY CAR TURNS OFF AT THE LIGHT TO SAVE GAS BUT WHENEVER I RELEASE THE BRAKE BACK AGAIN THE WHOLE SCREEN GOES OFF AND BACK ON AGAIN WITH THE ENGINE. SOMETIMES I HAVE TO PUSH IT TO THE SIDE OF THE STREET BECAUSE IT DOESN+T WANT TO TURN BACK ON. MESAAGE ON THE SCREEN SAYS + POWER STEERLING REDUCED, PLEASE DRIVE WITH CARE+ ALSO IT SAYS SOMETIMES + STABILITITANK + . I NEED HELP ON THIS SITUATION BECAUSE I DON+T KNOW WHAT TO DO ANYMORE. I SAW A RECALL OF 7,000 CARS SAME TYPE LIKE MINE ON 2016 FOR THE SAME ISSUES. THANK YOU.

- THE CONTACT OWNS A 2016 CHEVROLET MALIBU. WHILE DRIVING 30 MPH, THE VEHICLE SLOWED DOWN AND LOST POWER, AND THE BRAKE PEDAL SEIZED. ALSO, "ERROR CODE P2138" APPEARED AND THE CHECK ENGINE WARNING INDICATOR ILLUMINATED. THE CONTACT CALLED BALISE CHEVROLET (440 HALL OF FAME AVENUE SPRINGFIELD, MA 01105, (413) 233-4668) AND WAS INFORMED THAT A NEW BRAKE PEDAL SENSOR NEEDED TO BE INSTALLED. THE MANUFACTURER WAS MADE AWARE OF THE FAILURE AND DID NOT ASSIST. THE FAILURE MILEAGE WAS 90,319.

- THE CONTACT OWNS A 2016 CHEVROLET MALIBU. WHILE DRIVING APPROXIMATELY 50 MPH, THE "ENGINE POWER REDUCED" MESSAGE APPEARED AND THE VEHICLE LOST ACCELERATION. THE CONTACT COASTED THE VEHICLE TO THE SHOULDER. THE CONTACT WAITED AND THEN DROVE HOME. THE VEHICLE WAS TAKEN TO STEVE CHEVROLET IN OAKDALE, CALIFORNIA WHERE IT WAS AWAITING

DIAGNOSTIC TESTING. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS NOT NOTIFIED OF THE FAILURE. THE APPROXIMATE FAILURE MILEAGE WAS 26,000.

- THE CONTACT OWNS A 2016 CHEVROLET MALIBU. WHILE DRIVING APPROXIMATELY 65 MPH, THE "REDUCE SPEED" WARNING INDICATOR ILLUMINATED AND THE VEHICLE'S SPEED WAS REDUCED TO 40 MPH. SIMULTANEOUSLY, A BELL CHIMED AND THE CHECK ENGINE INDICATOR ILLUMINATED. THE CONTACT STATED THAT THE VEHICLE WOULD NOT ACCELERATE BEYOND 40 MPH. IN ADDITION, THE CONTACT STATED THAT THE VEHICLE'S DOORS LOCKED AND UNLOCKED ON THEIR OWN ON MORE THAN ONE OCCASION. RYDELL CHEVROLET IN NORTH RIDGE, CALIFORNIA WAS MADE AWARE OF THE FAILURE AND REPLACED THE ENGINE AT 5,000 MILES, BUT THE FAILURE RECURRED. SANTA PAULA CHEVROLET IN SANTA PAULA, CALIFORNIA WAS MADE AWARE OF THE FAILURE AND REPLACED THE BATTERY, BUT THE FAILURE RECURRED. THE MANUFACTURER WAS NOT MADE AWARE OF THE FAILURES. ONSTAR WAS CONTACTED AND DIAGNOSED THAT THE ENGINE AND TRANSMISSION THROTTLE FAILED TO FUNCTION PROPERLY. THE FAILURE MILEAGE WAS APPROXIMATELY 5,000.

- THE CONTACT OWNS A 2016 CHEVROLET MALIBU. WHILE DRIVING VARIOUS SPEEDS, THE "ENGINE POWER REDUCED" MESSAGE SUDDENLY DISPLAYED AND THE VEHICLE'S SPEED REDUCED AND WOULD NOT ACCELERATE. AFTER TURNING OFF AND RESTARTING THE ENGINE, THE VEHICLE RETURNED TO NORMAL. THE FAILURE WAS NOT DIAGNOSED OR REPAIRED. THE MANUFACTURER AND LOCAL DEALER WERE NOT NOTIFIED OF THE FAILURE. THE VIN WAS UNKNOWN. THE FAILURE MILEAGE WAS 38,000.

- THE CONTACT OWNS A 2016 CHEVROLET MALIBU. WHILE DRIVING VARIOUS SPEEDS, THE VEHICLE WOULD SUDDENLY DECELERATE AND THE "ENGINE POWER REDUCED" MESSAGE DISPLAYED. THE VEHICLE WAS TAKEN TO AN UNKNOWN CHEVROLET DEALER WHERE IT WAS DIAGNOSED THAT THE ELECTRICAL WIRE HARNESS WAS FAULTY AND NEEDED TO BE REPLACED. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS NOT NOTIFIED OF THE FAILURE. THE FAILURE MILEAGE WAS 45,000.

- THIS IS THE 5TH TIME THE REDUCE ENGINE LIGHT HAS CAME ON DEALERSHIP SEEMS TO NOT KNOW WHAT+S THE PROBLEM ONE TIME 18 WHEELER WAS BEHIND ME AND MY SON ..VERY SCARY

C.    **GM systematically refuses to disclose the known defect and refuses to honor its warranties to Class Members by repairing the known defect.**

28.     Class Vehicles were sold with a 3-Year / 36,000 Mile bumper-to-bumper warranty and a 5-Year / 60,000-Mile Powertrain Limited Warranty.

29.     It is commonly understood that the electronic throttle control and/or accelerator pedal position sensor in passenger vehicles like the Class Vehicles are meant to last the lifetime of the vehicle.  *See, e.g.,* Valerie Johnston, "How Long Does a Throttle Controller Last?", Your Mechanic, Jan. 18, 2016, available at https://www.yourmechanic.com/article/how-long-does-a-throttle-controller-last (last accessed May 17, 2019). Reasonable consumers expect that a vehicle's electronic throttle control and/or accelerator pedal position sensors—which aren't part of regular maintenance and service—will last the lifetime of the vehicle. The typical car on the road in the United States is 11.5 years old. The number of vehicles 16 to 24 years old is 44 million. The number of vehicles on the road at least 25 years old is about 14 million.

30.     A reasonable consumer must be upset over the substantial cost in time and money of attempting to diagnose and fix the Engine Power Reduced defect.

31.     Many purchasers and lessees of Class Vehicles have spent hundreds of dollars on defect-related repairs and related expenses.

32.     The mileage and durational limitations in GM's Limited Warranty, as applied to Plaintiff and Class Members, are unconscionable. GM knew about the inherent defect in the electronic throttle control and/or accelerator pedal position sensors at various points, including: (1) when it designed and manufactured the electronic throttle control and/or accelerator pedal position sensors and performed pre-sale testing and validation, (2) when individuals began to lodge complaints with NHTSA, and (3) before Plaintiff and the Class purchased their GM vehicles and/or paid for repairs that were not covered under warranty.  Still, GM opted not to warn, disclose, or

otherwise inform the potential or eventual purchasers about the defect. GM continues to refuse disclosure of this known defect to this date on newly sold Class Vehicles.

33.    GM has never disclosed the defect to drivers or potential purchasers or lessees of Class Vehicles, and GM has never instructed its dealerships to disclose the defect to drivers or potential purchasers or lessees of Class Vehicles.

34.    The defect was not known to or reasonably discoverable by the Plaintiff and proposed Class Members before purchase or lease, or without experiencing the defect first-hand and exposing themselves to an unreasonable safety risk.

35.    GM has remained publicly silent even as it has learned of at least hundreds of complaints about Class Vehicles directly from its customers, through its dealers, and from NHTSA.

36.    Because of GM's inaction and silence, many consumers are unaware that they purchased, and continue to drive, unsafe and unreliable vehicles.  As GM knows, a reasonable person would consider the defect important and would either not purchase or lease a vehicle with the defect were the defect disclosed in advance or would pay substantially less for the vehicle.

37.    Plaintiff and the putative Class neither knew, nor could have known, about the defective nature of the electronic throttle control and/or accelerator pedal position sensors at the time they purchased their Class Vehicles.  GM knowingly manufactured vehicles that contained an inherent defect, but did not inform Plaintiff of the problem when Plaintiff agreed to purchase the Class Vehicle or any time thereafter. GM has vigorously refused to acknowledge that the electronic throttle control and/or accelerator pedal position sensors are the source of the defect to avoid having to pay for a replacement with a non-defective electronic throttle control and/or accelerator pedal position sensor under its Limited Powertrain Warranty. GM intentionally limited

the company's liability for the known defect, and Plaintiff and putative Class Members never could bargain for a warranty that would have covered the defect because they did not know of its existence. GM's material omission concerning the defect rendered the warranty unconscionable as applied to Plaintiff and Class Members.

## PLAINTIFF'S EXPERIENCE

38.     On or about September 5, 2017, Plaintiff Mark Rothschild purchased a new 2017 Chevrolet Malibu from Kristal Auto Mall Chevrolet in Brooklyn, New York. Mr. Rothschild's Malibu came with a defective electronic throttle control and/or accelerator pedal position sensor that made it susceptible to the Engine Power Reduced defect. GM did not disclose this to Mr. Rothschild, who greatly values vehicle safety and who wanted a fully functional vehicle.

39.     From the date of purchase to the present, Plaintiff has serviced his vehicle in a timely and proper manner.

40.     Mr. Rothschild experienced the Engine Power Reduced defect in or around March 19, 2018 when his vehicle had approximately 25,301 miles on it. Mr. Rothschild was driving on when his vehicle displayed the "Engine Power is Reduced" warning, and abruptly slowed down from highway speed to approximately 20-25 mph. Mr. Rothschild luckily navigated his vehicle to a safe place out of traffic but feared for his safety.

41.     After that, Mr. Rothschild brought his to the Kristal Auto Mall Chevrolet dealership where he purchased his vehicle and brought it in for diagnosis and repair. Among other things, the dealership found that the vehicle displayed the "P2138" error code and needed a replacement accelerator pedal position sensor. The dealership replaced the accelerator pedal and covered the diagnosis and repair work under GM's warranty.

42.     Approximately 12 months later, in or around March 21, 2019, Mr. Rothschild again experienced the Engine Power Reduced defect when his vehicle had approximately 71,524 miles on it. Mr. Rothschild was again driving when his vehicle displayed the "Engine Power is Reduced" warning, and abruptly slowed down. Mr. Rothschild again luckily navigated to a safe location.

43.     Mr. Rothschild complained to the Kristal Auto Mall Chevrolet dealer that GM should pay for the repair, but they denied his request. Mr. Rothschild initiated a complaint with GM corporate, but GM provided no meaningful assistance in addressing the defect or otherwise honoring GM's warranty.

44.     Mr. Rothschild brought his vehicle to Sal's Auto Repair in Brooklyn. The mechanic replaced the accelerator pedal. Sal's Auto Repair charged Mr. Rothschild $185.03 for this repair.

45.     On or about July 19, 2019, Mr. Rothschild again experienced the Engine Power Reduced defect when he was driving and his vehicle and abruptly slowed down. Mr. Rothschild again luckily navigated to a safe location. Mr. Rothschild again brought his vehicle to Sal's Auto Repair, and Sal's Auto Repair again replaced the accelerator pedal under warranty.

46.     Mr. Rothschild has never received a reimbursement for his out of pocket expenses or his lost time spent in attempting to have the Engine Power Reduced defect repaired.

## CLASS ACTION ALLEGATIONS

47.     Under Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff intends to seek certification of a Nationwide Class consisting of:

**All persons who purchased or leased in the United States a 2016 through 2018 Chevrolet Malibu.**

Plaintiff also intends to seek certification of a New York Sub-Class consisting of:

**All natural persons who purchased or leased in New York a 2016 through 2018 Chevrolet Malibu.**

48.     Excluded from each proposed class are: General Motors, any affiliate, parent, or subsidiary of GM; any entity in which GM has a controlling interest; any officer, director, or employee of GM; any successor or assign of GM; anyone employed by counsel for Plaintiff in this action; any judge to whom this case is assigned, him or his spouse, and all persons within the third degree of relationship to either of them, and the spouses of such persons; and anyone who purchased a Class Vehicle for resale.

### NUMEROSITY

49.     The members of the classes are so numerous that joinder of all members is impracticable.  While the precise number of Class Members can only be confirmed through discovery, it is estimated that at least hundreds of thousands of persons purchased or leased Class Vehicles.

### COMMON QUESTIONS OF LAW AND FACT PREDOMINATE

50.     There is a well-defined community of interest in the questions of law and fact affecting the Class Members.

51.     There are questions of law and fact common to all members of each Class: specifically, Plaintiff's claims arise from the same event or practice or course of conduct by the Defendant that gives rise to those claims of the putative classes, and Plaintiff's claims are based upon the same legal theories as those of the putative classes. The Defendant has engaged in a pattern and practice, in violation of the law, of not informing purchasers or potential purchasers of the known defect in the Class Vehicles. The resolution of this issue—to wit, whether Defendant knew about the defect and did not inform Plaintiff and Class Members—is a common question of fact and law that will affect all members of the class in the same manner.

52.    The questions of law and fact common to the Class predominate over questions that may affect individual members, and include:

a.    Whether General Motors disclosed the known Class Defect to Class Members prior to their purchase;

b.    Whether General Motors violated state consumer protection laws by concealing the known Class Defect;

c.    Whether Class Members are entitled to actual damages and, if so, the appropriate amount;

d.    Whether members of the classes may be notified and warned about the defect and may have the entry of final and injunctive relief compelling General Motors to issue a notification and warning to all Class Members about such a defect;

e.    Whether General Motors deliberately failed to disclose material facts to Plaintiff and the Class Members; and

f.    Whether Defendant manufactured defective electronic throttle controls and/or accelerator pedal position sensors and should replace them at no cost to Plaintiff and the Class Members.

**TYPICALITY**

53.    The claims and defenses of the Named Plaintiff are representative of the Class Members he seeks to represent and typical of the claims and defenses of the class because the Plaintiff and the Class Members all owned Class Vehicles with defective electronic throttle control and/or accelerator pedal position sensor that were manufactured and sold by Defendant. Plaintiff, like all Class Members, purchased a Class Vehicles without having received any warning or notification from Defendant of the defect.

## ADEQUACY OF REPRESENTATION

54.    The Named Plaintiff will fairly and adequately assert and protect the interests of the proposed class because:

a.    Plaintiff has hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the classes;

b.    Plaintiff has no conflict of interest that will interfere with the maintenance of this class action; and

c.    Plaintiff has suffered consumer-related injuries and damages.

## SUPERIORITY

55.    A class action provides a fair and efficient method for the adjudication of the instant controversy for the following reasons:

a.    The common questions of law and fact set forth above predominate over questions affecting only individual Class Members;

b.    The proposed classes are each so numerous that joinder would prove impracticable. The proposed classes, however, are not so numerous as to create manageability problems; moreover, no unusual legal or factual issues render the class unmanageable.

c.    Prosecution of separate actions by individual members of the class would risk inconsistent and varying adjudications against Defendant;

d.    The claims of the individual Class Members are small in relation to the expenses of litigation, making a class action the only procedure in which Class Members can, as a practical matter, recover for the damages done to them by GM.

e.    A class action would be superior to, and more efficient than, adjudicating thousands of individual lawsuits.

56.    In the alternative, the proposed classes may be certified because:

a.    the prosecution of separate actions by the individual members of the proposed classes would create a risk of inconsistent or varying adjudication regarding individual Class Members, which would establish incompatible standards of conduct for GM;

b.    the prosecution of separate actions by individual Class Members would create a risk of adjudications dispositive of the interests of other Class Members not parties to the adjudications and substantially impair or impede their ability to protect their interests; and

c.    GM has acted or refused to act on grounds generally applicable to the proposed class, which justifies final and injunctive relief for the members of the proposed class as a whole.

## ESTOPPEL FROM PLEADING AND TOLLING OF APPLICABLE STATUTES OF LIMITATIONS

57.    Defendant General Motors LLC has possessed exclusive knowledge about the Class Defect, including from its customer complaint and warranty records, internal emails, reports, analyses, and assessment of engineers, that is unavailable to Plaintiff and the proposed Class Members.

58.    GM is estopped from relying on any statutes of limitation or repose due to its acts of concealment. Defendant knew about the defect in the Class Vehicles for years, but concealed it and/or failed to alert purchasers or potential purchasers. Defendant maintained exclusive control over information concerning the known, but non-public, defect and the number of Class Vehicles

at issue; Plaintiff and Class Members, therefore, could not reasonably have known about the defect or the number of Class Vehicles affected.  Defendant is estopped from relying on any statutes of limitations or repose that might otherwise apply to the claims asserted herein.

## EXPRESS AND IMPLIED WARRANTIES

59.     For each Class Vehicle sold by GM, an express written warranty was issued which covered the vehicle, including but not limited to, the powertrain and electronic throttle control and/or accelerator pedal position sensor, and GM warranted the vehicle to be free of defects in materials and workmanship at the time of purchase or lease.

60.     Pursuant to its express and written warranties, GM warranted the Class Vehicles' powertrain, including the powertrain and electronic throttle control and/or accelerator pedal position sensor, to be free of defects in design, materials, and workmanship and that repairs and other adjustments would be made by authorized dealers, without charge, to correct defects in materials or workmanship which occurred during the first 3 years or 36,000 miles, whichever came first, and 5 years or 60,000 miles for the powertrain, whichever came first.

61.     GM also sold or leased the Class Vehicles to Class Members under implied warranties of merchantability and fitness for a particular purpose. GM impliedly warranted the Class Vehicles to be merchantable, fit for the ordinary purposes for which they were intended to be used, including the guarantee that they were in a safe and non-defective condition for use by their owners or lessees for the ordinary purpose for which they were intended and were not otherwise injurious. GM is under a duty to design, construct, manufacture, inspect, and test the Class Vehicles so as to make them suitable for the ordinary purposes of their use—transportation at interstate speeds.

62.     GM breached its warranties for the Class Vehicles as a result of the latent defects

in the powertrain; denying the defect in the powertrain when confronted with complaints of loss of engine power; failing to repair the vehicles as warranted; and otherwise inadequately repairing the defect through ineffective repairs or replacement of the defective electronic throttle control and/or accelerator pedal position sensor with an equally defective electronic throttle control and/or accelerator pedal position sensor.

63.     In breach of GM's warranties, the Class Vehicles are defective, unsafe, unfit for the ordinary purposes for which they are intended to be used, and not merchantable.

### FIRST CLAIM FOR RELIEF
**Violation of the Magnuson-Moss Warranty Act**
**15 U.S.C. §§ 2301, *et seq*.**
**(Nationwide Class)**

64.     Plaintiff, individually and for the Nationwide Class, hereby incorporates each and every allegation as though fully set forth herein.

65.     For each Class Vehicle, GM issued an express written warranty that covered the vehicle, including but not limited to the drivetrain and powertrain, and which warranted the vehicle to be free of defects in materials and workmanship at the time of delivery.

66.     GM breached its express warranties by offering for sale and selling defective vehicles that were by design and construction defective and unsafe, thereby subjecting the occupants of the Class Vehicles purchased or leased to damages and risks of loss and injury.

67.     Plaintiff and members of the class are "consumers" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(3).

68.     Defendant GM is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(4) and (5).

69.     The Class Vehicles at issue are "consumer products" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(6).

70.     Defendant GM's written and implied warranties relate to the future performance of its vehicles because it promised that the powertrain of the Class Vehicles would perform adequately for a specified period of time or mileage, whichever came first.

71.     Defendant GM has breached and continues to breach its written and implied warranties of future performance, thereby damaging Plaintiff and similarly situated Nationwide Class members, when their Class Vehicles fail to perform as represented due to an undisclosed powertrain defect.  GM fails to fully cover or pay for necessary inspections, repairs and/or vehicle replacements for Plaintiff and the Nationwide Class.

72.     Plaintiff, members of Nationwide Class, and the public will suffer irreparable harm if GM is not ordered to properly repair all of the Class Vehicles immediately, offer rescission to the Nationwide Class by repurchasing their Class Vehicles for their full cost, reimburse the lessees of the Class Vehicles the monies they have paid toward their leases, recall all defective vehicles that are equipped with the defective electronic throttle control and/or accelerator pedal position sensors, and cease and desist from marketing, advertising, selling, and leasing the Class Vehicles.

73.     GM is under a continuing duty to inform its customers of the nature and existence of potential defects in the vehicles sold.

74.     Such irreparable harm includes but is not limited to likely injuries as a result of the defects to the Class Vehicles.

**SECOND CAUSE OF ACTION**
**Breach of Express Warranties**
**(New York Sub-Class)**

75.     Plaintiff, individually and for the New York Sub-Class, hereby incorporates each and every allegation as though fully set forth herein.

76.     For each Class Vehicle sold by GM, an express written warranty was issued that covered the vehicle, including but not limited to the powertrain, and which warranted the vehicle to be free of defects in materials and workmanship at the time of delivery.

77.     GM breached its warranties by offering for sale and selling defective vehicles that were by design and construction defective and unsafe, thereby subjecting the occupants of the Class Vehicles purchased or leased to damages and risks of loss and injury.

78.     GM's breach of its express warranties proximately caused the New York Sub-Class to suffer damages in excess of $5,000,000.00.

**THIRD CLAIM FOR RELIEF**
**Equitable Injunctive and Declaratory Relief**
**(New York Sub-Class)**

79.     Plaintiff, individually and for the New York Sub-Class, hereby incorporates each and every allegation as though fully set forth herein.

80.     Plaintiff, members of the New York Sub-Class, and the public will suffer irreparable harm if GM is not ordered to properly repair all of the Class Vehicles immediately, offer rescission to the New York Sub-Class by repurchasing their Class Vehicles for their full cost, reimburse the lessees of the Class Vehicles the monies they have paid toward their leases, recall all defective vehicles that are equipped with the defective electronic throttle control and/or accelerator pedal position sensors, and cease and desist from marketing, advertising, selling, and leasing the Class Vehicles.

81.     GM is under a continuing duty to inform its customers of the nature and existence of potential defects in the vehicles sold.

82.     Such irreparable harm includes but is not limited to likely injuries as a result of the defects to the Class Vehicles.

**FOURTH CAUSE OF ACTION**
**(New York Sub-Class)**
**Unfair and Deceptive Trade Practices in Violation of**
**N.Y. Gen. Bus. Law § 349, *et seq*.**
**(on behalf of Plaintiff and the New York Sub-Class)**

83.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

84.     Defendant's practices, acts, policies, and course of conduct, including its omissions, as described above, were intended to induce, and did induce, Plaintiff and New York Class members to purchase the above-mentioned Class Vehicles with the Defect.

85.     Defendant sold and/or leased the Class Vehicles knowingly concealing that they contained the Defect alleged herein.

86.     Defendant's acts are and were deceptive acts or practices which are and/or were, likely to mislead a reasonable consumer purchasing the Class Vehicles. GM's aforementioned deceptive acts and practices are material, in part, because they concern an essential facet of the Class Vehicles' functionality and safety. The sale and distribution of the Class Vehicles in New York was a consumer-oriented act and thereby falls under the New York deceptive acts and practices statute, N.Y. Gen. Bus. Law § 349, *et seq.*

87.     Defendant's practices, acts, policies and course of conduct violated N.Y. Gen. Bus. Law § 349, *et seq.*

88.     At the time of sale, Defendant knowingly misrepresented and intentionally omitted and concealed material information regarding the Class Vehicles by failing to disclose to Plaintiff and New York Class members the fact that the Vehicles' electronic throttle control and/or accelerator pedal position sensor are defective, that as a result of such defect, the Vehicles' defective electronic throttle control and/or accelerator pedal position sensor fail

prematurely, and that the cost of replacing or repairing the defective electronic throttle control and/or accelerator pedal position is high. This concealed or omitted information is the type of information upon which a consumer would be expected to rely on in making a decision whether to purchase, or how much to pay for, the Class Vehicles.

89.     Thereafter, Defendant failed to disclose the Defect to Plaintiff and New York Class members either through warnings or recall notices and/or actively concealed from them the fact that the Class Vehicles' electronic throttle control and/or accelerator pedal position sensor are defective, despite the fact that the company knew of the Defect at least since the time of manufacturing, and at least at the point where NHTSA began to record complaints about the Defect.

90.     Defendant forced Plaintiff and New York Class members to expend time and/or sums of money at its dealerships and/or third-party mechanics to repair and/or replace the defective electronic throttle control and/or accelerator pedal position sensors, despite the fact that Defendant had prior knowledge of the Defect at the time of purchase.

91.     Defendant also engaged in materially misleading deceptive acts and practices by advertising and selling a limited warranty while knowing that significant portions of the damages resulting from the known, but concealed, Defect would not be revealed to the consumer until after coverage expired thereunder.

92.     Additionally, Defendant, in administering the limited warranty, engaged in materially misleading deceptive acts and practices by replacing defective electronic throttle control and/or accelerator pedal position sensors with the same defective parts.

93.     Furthermore, Defendant engaged in materially misleading and deceptive acts by continuing to sell the Class Vehicles to the consuming public and to represent that these vehicles

were in good working order, merchantable, and not defective, despite Defendant's knowledge that the vehicles would not perform as intended, represented, and warranted and that the above described Defect would cause purchasers to incur significant out-of-pocket costs and expenses.

94.    The aforementioned conduct is and was deceptive and false and constitutes an unconscionable, unfair, and deceptive act or practice in that Defendant has, through knowing, intentional, and material omissions, concealed the Defect.

95.    By making these misrepresentations of fact and/or material omissions to prospective customers while knowing such representations to be false, Defendant has misrepresented and/or knowingly and intentionally concealed material facts and breached its duty not to do so.

96.    Members of the public were deceived by Defendant's failure to disclose and could not discover the Defect themselves before suffering their injuries.

97.    As a direct and proximate result of these unconscionable, unfair, and deceptive acts or practices Plaintiff and New York Class members have been damaged as alleged herein and are entitled to recover actual damages to the extent permitted by law, including in inflated price injury, repair and replacement costs, and/or statutory damages, in an amount to be proven at trial.

98.    Plaintiff and New York Class members seek restitution of the substantial sums of money they expended to replace their defective electronic throttle control and/or accelerator pedal position sensors as a result of the Defect, which Defendant knew about prior to the sale of the Class Vehicles.

99.    Plaintiff and New York Class members seek damages for lost time spent in attempting to have the Engine Power Reduced defect repaired.

100.    Plaintiff and New York Class members also seek appropriate equitable relief, including an order requiring GM to adequately disclose and remediate the Defect and an order enjoining GM from incorporating the Defect into its vehicles in the future.

**FIFTH CAUSE OF ACTION**
**Unjust Enrichment**
**(Nationwide Class and New York Sub-Class)**

101.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint to the extent not inconsistent with the claims asserted in this Count. This claim is asserted in the alternative on behalf of Plaintiff and the members of the Classes to the extent that there is any determination that Plaintiff does not have standing to assert any contractual claims asserted against GM on the alleged basis of absence of contractual privity or otherwise.

102.    By its wrongful acts and omissions described herein, including selling the Vehicles with defective electronic throttle control and/or accelerator pedal position sensors, GM was unjustly enriched at the expense of Plaintiff and the Classes.

103.    Plaintiff and the Class members conferred a benefit upon GM by purchasing the Vehicles at the full price for fully functional vehicles equipped with appropriate and working electronic throttle control and/or accelerator pedal position sensors.

104.    GM knew that the Classes were purchasing the Vehicles and still accepted the sum contemplated for fully functional vehicles equipped with appropriate and working electronic throttle control and/or accelerator pedal position sensors.

105.    Under the circumstances, it would be inequitable for GM to retain the profits, benefits, and other compensation obtained through its wrongful conduct in manufacturing, marketing and selling the Vehicles with defective electronic throttle control and/or accelerator

pedal position sensors to Plaintiff and the Classes. Natural justice and equity require that Plaintiff and the Classes recover under the circumstances.

106.    Plaintiff, on behalf of themselves and all others similarly situated, seek restitution from GM, and an order of this Court proportionally disgorging all profits, benefits, and other compensation wrongfully obtained by GM from its conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a.    For an order certifying the proposed classes and appointing Plaintiff and Plaintiff's counsel to represent the classes;

b.    For an order awarding Plaintiff and Class Members actual, statutory, punitive, and/or any other form of damages provided by and pursuant to the statutes cited above;

c.    For an order awarding Plaintiff and the Class Members restitution, disgorgement and/or other equitable relief provided by and pursuant to the statutes cited above or as the Court deems proper, including the repair of all Class Vehicles, replacement or repurchase of all Class Vehicles, and/or the refund of money paid to own or lease all Class Vehicles;

d.    For an order or orders requiring GM to adequately disclose and remediate the Engine Power Reduced defect and enjoining GM from incorporating the defective powertrain into its vehicles in the future;

e.    For punitive damages;

f.    For statutory damages as provided by law;

g.    For an order awarding Plaintiff and the Class Members pre-judgment and post-judgment interest;

h.      For an order awarding Plaintiff and Class Members reasonable attorney fees and costs of suit, including expert witness fees; and

i.      For an order awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff and each Class hereby demand trial by a struck jury of all issues triable by right.

DATED: September 13, 2019           Respectfully submitted,

Nicholas A. Migliaccio
Jason S. Rathod *
Esfand Y. Nafisi *
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel:    (202) 470-3520
Email: nmigliaccio@classlawdc.com
       jrathod@classlawdc.com

Daniel Levin *
Nicholas Elia *
**LEVIN SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA  19106
Tel:    (215) 592-1500
Email: DLevin@lfsblaw.com
       Nelia@lfsblaw.com

* *pro hac vice* admission to be sought

Attorneys for the Plaintiff and Putative Class